# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MULLEN INDUSTRIES LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | No. 2:24-cv-00049-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S PARTIAL RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF MULLEN INDUSTRIES LLC'S COMPLAINT (DKT. 1)**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................ 2

III. STATEMENT OF THE ISSUES PRESENTED ............................................................... 6

IV. LEGAL STANDARDS ..................................................................................................... 6

V. ARGUMENT ..................................................................................................................... 7

    A. Mullen Fails to Plausibly Allege Direct Infringement of the '540 Patent .............. 7

    B. Mullen Fails to Plausibly Allege Direct Infringement of the '283 Patent .............. 9

    C. Mullen Fails to Plausibly Allege Direct Infringement of the '575 Patent ........... 12

    D. Mullen Fails to Plausibly Allege Indirect Infringement of the '540, '283, and '575 Patents ................................................................................................. 14

VI. CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) ............................................................................................. 7

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ......................................................................................... 7, 14

*Lone Star Tech. Innovations, LLC v. ASUSTeK Comput. Inc.*,
   No. 6:19-CV-00059-RWS, 2020 WL 6803249 (E.D. Tex. Jan. 14, 2020) ................. 9, 11, 13

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016) ................................................................................. 9, 11, 13

*Thompson v. City of Waco*,
   764 F.3d 500 (5th Cir. 2014) ................................................................................................. 6

**RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 6

I. **INTRODUCTION**

The Federal Circuit has long established that direct infringement of a method claim occurs only when all steps are performed by or attributable to a single entity. Mullen Industries LLC's ("Mullen") complaint disregards this fundamental requirement for three of the asserted patents. In particular, Mullen does not, and cannot, plausibly allege that all steps in the claims of U.S. Patent Nos. 9,635,540 ("'540 Patent"), 9,204,283 ("'283 Patent"), and 8,374,575 ("'575 Patent") are performed by or attributable to Samsung. As a result, Mullen's claims for these three patents should be dismissed with prejudice.

Each of the asserted claims of the '540, '283, and '575 Patents requires multiple entities to perform the claimed steps. For example, the '540 Patent has a single independent claim with steps performed by three distinct entities—(1) a user of a "first wireless device," (2) a user of a "second wireless device," and (3) a "server." Mullen does not disagree. In fact, as pleaded in its Complaint, Mullen's own infringement theory for the '540 Patent requires that its claimed steps be performed by three distinct parties: two different users of Samsung mobile devices perform the steps required by the first and second wireless devices, and a third entity is responsible for the steps taking place on the "server." Nowhere does Mullen allege facts to support that Samsung or any other single party performs all steps. Nor could it, as any assertion that Samsung performs or directs performance of all steps is implausible and contradicted by Mullen's infringement theory's express reliance on three distinct and independent parties to perform all steps.

Similarly, the '283 and '575 Patents require at least two distinct entities: (1) a user of a "wireless device" / "wireless telephone" and (2) "a remote server," each performing multiple steps of transmitting and processing location information of multiple devices. Here, again, Mullen's own infringement theory as pleaded in the Complaint relies on at least two different parties: the user of a Samsung mobile device and an entity who controls the "remote server." Thus, Samsung

1

does not perform all steps, and any argument to the contrary by Mullen is implausible and contradicted by its infringement theory. Mullen's allegations of infringement for the '540, '283, and '575 Patents should therefore be dismissed with prejudice.

## II.     FACTUAL BACKGROUND

Mullen's Complaint asserts nine patents: the '540, '283, and '575 Patents, as well as U.S. Patent Nos. 11,246,024 ("'024 Patent"), 11,234,117 ("'117 Patent"), 11,190,633 ("'633 Patent"), 11,122,418 ("'418 Patent"), 11,109,218 ("'218 Patent"), and 11,096,039 ("'039 Patent") (collectively, the "Asserted Patents"). Dkt. 1 ("Compl."). Other than the '633 Patent, all of the Asserted Patents are in the same patent family.

For the '540 Patent, the Complaint alleges direct infringement based on users of Samsung mobile devices "programmed with Google Maps" using that application's location sharing feature, which the Complaint contends is supported by a "remote server system" of unspecified origin. *Id*. ¶¶ 157-60. Similarly, for the '283 and '575 Patents, the Complaint alleges direct infringement based on users of Samsung mobile devices "programmed with Samsung SmartThings Find" using that application's location sharing feature, supported by a "remote server system" of unspecified origin. *Id*. ¶¶ 175-79, 196-200. For the '540, '283, and '575 Patents, the Complaint includes an assertion that "[o]n information and belief, all steps of the asserted claims have been performed by or have been attributable to Samsung," but provides no explanation or facts to support that Samsung alone performs or is responsible for the performance of all claimed steps. *Id*. ¶¶ 156, 173, 193.

The '540 Patent relates to an interaction between users of two different devices and a server. A "second wireless device" requests the location of a "first wireless device." A "first wireless device" grants the "second wireless device" location access rights. A "server located remotely" from the devices stores and provides the location information of the "first wireless

device" to the "second wireless device."  As annotated below,[1] the sole independent claim of the '540 Patent, Claim 1, recites a method with steps performed by a "server," the "first wireless device," and the "second wireless device":

> 1. A method of mobile-to-mobile locating, said method comprising:
> [1a] requesting a location of a first wireless device **by a second wireless device** from a server located remotely from said first and second wireless devices;
> [1b] determining that said second wireless device does not have location access rights for said first wireless device;
> [1c] asking said second wireless device if said location access rights are to be requested from said first wireless device after determining that said second wireless device does not have said location access rights for said first wireless device;
> [1d] requesting that said location access rights be assigned for said second wireless device by said first wireless device;
> [1e] assigning said location access rights on said server to said second wireless device **by said first wireless device**;
> [1f] storing said location access rights **on said server**;
> [1g] determining said access rights assigned by said first wireless device to said second wireless device **on said server**; and
> [1h] providing said location **from said server** to said second wireless device dependent upon said access rights.

The '283 Patent relates to an interaction between a user of a "device" and a "server," wherein the user of the device requests the location of another user's device and provides login and password information, and the server determines whether the requesting user is authorized to receive that location information.  The '283 Patent has three independent claims, Claims 1, 8, and 15, each of which is a method with steps performed by a "server" and through a user device, namely, the "first wireless telephonic device" in Claim 1 and the "wireless device" in Claims 8 and 15:

> 1. A method comprising:
> [1a] displaying **on a first wireless telephonic device** a plurality of users, wherein each one of said plurality of users is associated to a different one of a **plurality of wireless telephonic devices**;

---

[1] For ease of reference, Samsung has labeled each limitation of the independent claims quoted below (e.g., limitation [1a], [1b], etc.).

3

[1b] receiving *on said first wireless telephonic device* a first manual input in a form of a selection of one of said plurality of users;

[1c] receiving *on said first wireless telephonic device* an input in a form of a login and a second manual input in a form of a password;

[1d] determining whether to allow access of location information for said one of said plurality of wireless telephonic devices associated to said selected one of said plurality of users, wherein said determination includes identifying said user of said first wireless telephonic device from said plurality of users using said login and determining said password is associated with said login and determining whether said selected one of said plurality of users has provided access rights for said location information to said user of said first wireless telephonic device, and said first wireless telephonic device is operable to assign location access rights to said one of said plurality of wireless telephonic devices associated with said selected one of said plurality of users for obtaining a location of said first wireless telephonic device;

[1e] transmitting said location information *from a server* to said first wireless telephonic device; and

[1f] displaying said location information on said first wireless device.

8. A method comprising:

[8a] displaying *on a wireless device* a first name associated to a *first wireless telephonic device* and a second name associated to a *second wireless telephonic device*;

[8b] accepting a selection of said first name *on said wireless device*;

[8c] receiving manual input entered *into said wireless device* that includes a login and a password;

[8d] determining whether to transmit location information associated to said first wireless telephonic device *from a server* to said wireless device, wherein said determining includes performing an identification process based, at least in part, on said manual input to identify the user of said wireless device and determining whether said first wireless telephonic device has provided access rights for said location information for said identified user and said server is located remotely from said wireless device, said first wireless telephonic device, and said second wireless telephonic device, and said wireless device is operable to assign location access rights to said first wireless telephonic device for obtaining a location of said wireless device;

[8e] transmitting said location information to said wireless device based on said determination; and

[8f] displaying said location information on said wireless device.

15. A method comprising:

[15a] accepting on a *first wireless device* a manual selection representative of a *second wireless device* from a list representative of a *plurality of wireless devices*;

[15b] locating said second wireless device;

[15c] determining *on a server* whether said second wireless device has provided permission for said first wireless device to locate said second wireless device

4

based, at least in part, on an identification of a login, that identifies the user of said first wireless device from a plurality of users, and password received by said first wireless device that is associated with said login and determining whether said user is associated with said permission, and said first wireless device is operable to assign a second permission to said second wireless device for obtaining second location information of said first wireless device;
[15d] providing location information to said first wireless device based on said determination; and
[15e] displaying a map on said first wireless device with a marker representative of the location of said second wireless device.

The '575 Patent relates to an interaction between a user of a device and a server. A "first wireless telephone" determines its location and transmits that information to "a remote server." The "remote server" then processes location information of "a user" on "a list of users" and provides that information to either the "first wireless telephone" or "a user." As annotated below, independent claims 1, 13, 30, and 38 of the '575 Patent recite methods with steps performed by a "a first wireless telephone" and the "remote server":

1. A method comprising:
[1a] obtaining a location of *a first wireless telephone*;
[1b] transmitting said location from said first wireless telephone to *a remote server*;
[1c] changing, *at the direction of said first wireless telephone*, a list of users on said remote server for a profile associated with said first wireless telephone that are allowed to access said location, wherein *each user of said list of users* is representative of one of a plurality of wireless telephones;
[1d] transmitting said location from said remote server to at least *one of said users of said list of users*;
[1e] determining a second location associated with one of said plurality of wireless telephones; and
[1f] providing directional information to said one of said plurality of wireless telephones, wherein said directional information is representative of directions between said location and said second location.

13. A method comprising:
[13a] determining a location of *a first wireless telephone*;
[13b] transmitting said location from said first wireless telephone to *a remote server*;
[13c] changing a list of users on said remote server for a profile associated with said first wireless telephone that are allowed to access said location, wherein *each user of said list of users* is representative of one of a plurality of wireless telephones;

5

[13d] transmitting an alert message, comprising information associated with said location, from said remote server to *a user of said list of users* when said user is within a certain distance of said location;
[13e] determining a second location associated with said wireless telephone associated with said one user; and
[13f] providing directional information to said wireless telephone associated with said user, wherein said directional information is representative of directions between said location and said second location.

30. A method comprising:
[30a] obtaining a location of said *first wireless telephone*;
[30b] changing, at the direction of said first wireless telephone, a list of users on *a remote server* for a profile associated with said first wireless telephone that are allowed to access said location, wherein *each user of said list of users* is representative of one of a plurality of wireless telephones;
[30c] transmitting said location from said remote server to at least *one of said users of said list of users*;
[30d] determining a second location associated with one of said plurality of wireless telephones; and

38. A method comprising:
[38a] obtaining a location of said *first wireless telephone*;
[38b] changing a list of users on *a remote server* for a profile associated with said first wireless telephone that are allowed to access said location, wherein *each user of said list of users* is representative of one of a plurality of wireless telephones;
[38c] transmitting an alert message, comprising information associated with said location, from said remote server to a user of said list of users when said user is within a certain distance of said location;
[38d] determining a second location associated with said wireless telephone associated with said one user; and
[38e] providing directional information to said wireless telephone associated with said user, wherein said directional information is representative of directions between said location and said second location.

### III.   STATEMENT OF THE ISSUES PRESENTED

Whether, under Rule 12(b)(6), the Court should dismiss with prejudice Mullen's claims for direct and indirect infringement of the '540, '283, and '575 Patents.

### IV.   LEGAL STANDARDS

To satisfy Rule 12(b)(6), a complaint must state "enough facts to state a claim to relief is plausible on its face." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502-03 (5th Cir. 2014). To

state a case for direct infringement of a method claim, the plaintiff must plausibly allege that each step of the method is performed by or attributable to a single entity. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) ("Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity."). A claim for indirect infringement requires "an underlying act of direct infringement." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012).

V. **ARGUMENT**

As discussed in detail below, Mullen fails to plausibly allege infringement of the '540, '283, and '575 Patents, and those claims should be dismissed with prejudice.

A. **Mullen Fails to Plausibly Allege Direct Infringement of the '540 Patent**

Under *Akamai*, a method claim is infringed only if a single entity performs or controls the performance of every step in the claim. 797 F.3d at 1022. Mullen cannot plausibly allege direct infringement of the '540 Patent because Samsung does not perform or control the performance of all recited steps of the claimed method.

Claim 1, the sole independent claim of the '540 Patent, recites method steps performed by three separate entities. The user of a "second wireless device" must request the location of the user of a "first wireless device" (limitation [1a]). In response, the user of the "first wireless device" must assign location access rights to the user of the "second wireless device" (limitation [1e]). Finally, a "server" that is located remotely from the first and second wireless devices performs at least the steps of storing location access rights information (limitation [1f]), determining the location access rights with respect to the first and second wireless devices (limitation [1g]), and providing location information accordingly (limitation [1h]).

7

Mullen fails to explain how Samsung performs all steps of the '540 Patent, performed by the first device user, second device user, and server—instead, its Complaint's infringement allegations confirm that Samsung does ***not*** perform these steps. In alleging infringement based on particular features of Google Maps running on Samsung devices, the Complaint contends that "a user of the Samsung phone or tablet" requests the location of a first wireless device, "a user of the first wireless device [allegedly] assigns location access rights to the second wireless device," and a "remote server system" stores location access rights and provides location information dependent on such access rights. Compl. ¶¶ 157, 159-60. Samsung does not control users' actions, nor does Samsung control the "remote server system" that supports Google Maps. Mullen does not allege otherwise in its Complaint; for example, Mullen does not allege that Samsung is controlling either user actions or remote server actions.

Mullen contends, in the alternative, that Samsung alone may infringe in the narrow circumstance where Samsung has "operated, demonstrated, and/or tested at least Samsung phones, tablets, and/or servers in the United States, which, in turn, has put into use" the allegedly infringing features. *Id.* ¶ 156. But Mullen fails to plausibly allege whether or why ***Samsung*** would be operating, demonstrating, or testing ***Google Maps***—a third-party application not developed by Samsung—let alone why Samsung would be using or testing Google Maps' accused features in an infringing manner involving two distinct users of Samsung mobile devices assigning location sharing permissions. Even if Mullen were to later amend its Complaint to allege Samsung tested Google Maps in an infringing manner, there would still be no plausible claim for divided infringement. This is because Samsung does not perform the steps of the claimed "remote server system" as Samsung does not own, control, or operate the alleged "remote server system" that supports the third-party Google Maps application. Thus, the "remote server" steps would ***still*** not

8

be performed by Samsung in the narrow circumstance where Samsung itself used or tested the accused Google Maps features.

Finally, while Mullen asserts that "[o]n information and belief, all steps of the asserted claims have been performed by or have been attributable to Samsung," *id.*, its assertion is conclusory, unsupported by any facts or explanation, and thus fails to meet the pleading standards for divided infringement set forth in *Lyda v. CBS Corp.*, which held that a plaintiff who pursues a divided infringement theory must plead specific facts to support such a theory, such as facts showing "direction or control" or "joint enterprise."  838 F.3d 1331, 1339 (Fed. Cir. 2016) (affirming Rule 12(b)(6) dismissal); *see also Lone Star Tech. Innovations, LLC v. ASUSTeK Comput. Inc.*, No. 6:19-CV-00059-RWS, 2020 WL 6803249, at *7 (E.D. Tex. Jan. 14, 2020) ("[P]leading facts 'on information and belief,' alone, is not enough" to plausibly allege direction or control for divided infringement).  Beyond being conclusory, Mullen's bare assertion that all steps are performed or attributable to Samsung is also contradicted by its direct infringement theory that, as detailed above, relies on the actions of three distinct parties (i.e., two distinct mobile device users and a "remote server system" that supports Google Maps).  Compl. ¶¶ 157, 159-60.  Accordingly, Mullen's claim for infringement of the '540 Patent should be dismissed.

Dismissal should be with prejudice, as any attempt at amendment would be futile.  Because Mullen relies on the actions of a first user, a second user, and the operators of Google Maps servers to allege infringement, there is no plausible theory under which **Samsung** controls all recited steps of the claimed methods of the '540 Patent.

      **B.**      **Mullen Fails to Plausibly Allege Direct Infringement of the '283 Patent**

For the same reasons as described above for the '540 Patent, Mullen has not plausibly alleged direct infringement of the '283 Patent by Samsung because Samsung does not perform or control all recited steps of the claimed methods.  Each of the independent Claims 1, 8, and 15

9

recites steps performed by a user on a "device" and separate steps by a "server." For example, the claims recite user device steps of displaying a plurality of users (limitations [1a] and [8a]), receiving a manual input selecting a user (limitations [1b], [8b], and [15a]), and receiving a manual input providing a login and password (limitations [1c] and [8c]). Meanwhile, the "remote server system" performs the steps of determining whether to allow access to the user after identifying the user of the device based on the login and password (limitations [1d], [8d], and [15c]) and transmitting location information accordingly (limitations [1e], [8e], and [15d]).

Mullen fails to explain how any single entity performs all recited steps in the claims of the '283 Patent. Rather, the Complaint relies on the actions of two distinct parties to allege infringement. First, the Complaint relies on "a user of the Samsung phone or tablet" who provides "manual input" to allegedly select other users and enter login and password information. Compl. ¶ 176. Second, the Complaint relies on a separate "remote server system" that allegedly receives the login and password information, determines whether the user has access rights, and then transmits location information. *Id.* ¶¶ 177-79. The Complaint makes no allegation that the server steps are controlled by the user, nor any allegation that the user steps are controlled by the server.

As with the '540 Patent, Mullen's alternative theory based on its allegation that Samsung "demonstrates and/or tests at least Samsung phones and/or tablets in the United States" lacks sufficient factual allegations to support a plausible theory of infringement. *See id.* ¶ 173. Based only on generic allegations pleaded "on information and belief," the Complaint asserts a conclusory claim that Samsung "puts into use the '283 Accused Processes." *See id.* But the assertion that Samsung has "operated, demonstrated, and/or tested" its products and servers—even if accepted as true—does not support a plausible inference that Samsung's operation, demonstration, or testing carries out each and every step of the asserted claims in the manner

10

required by the claims. *See id.* For example, Mullen's infringement theory requires interactions between a phone/tablet user, a "remote server system [that] provides … location information for display" on the device, and a "remote server system" that authenticate a user through "a login as well as a password." *See id.* ¶¶ 175, 177-79. The Complaint does not allege that Samsung operates and controls a "remote server system" that provides the claimed functionality, nor how Samsung's testing or demonstration performs these method steps as claimed by the patent. *See id.* ¶¶ 173, 175, 177-79.

Similarly, Mullen's assertion that "[o]n information and belief, all steps of the asserted claims … have been attributable to Samsung," *id.* ¶ 173, is conclusory, unsupported by any facts or explanation, and falls far short of meeting the pleading standards for divided infringement for the same reasons as those explained above for the '540 Patent. *See Lyda*, 838 F.3d at 1339; *Lone Star Tech.*, 2020 WL 6803249, at *7. To the extent Mullen is attempting to assert divided infringement, the Complaint fails to identify any joint infringer, any facts showing "direction or control," and any facts demonstrating a "joint enterprise." *See id.*

Because Mullen fails to plausibly assert that any single entity performs or controls all the recited method steps, Mullen's claim of infringement of the '283 Patent must be dismissed for failure to plead divided infringement.[2] Dismissal should be with prejudice, as any attempt at amendment to plead such a divided infringement theory would be futile. There is no plausible

---

[2] To the extent that the Complaint also accuses Google Maps of infringing the '283 Patent, the same arguments made in this section and with respect to the '540 Patent apply to Google Maps. In particular, Mullen's infringement theory would need to rely on the actions of two parties, a device user and a server operator, neither of whom is Samsung. Even if Mullen were to allege infringement based on "testing" of Google Maps, in that narrow circumstance, Samsung does not own, control, or operate the "servers" that support Google Maps, a third-party application.

11

theory where either Samsung or a user controls the other's actions—Samsung does not cause manual input on user devices, and the remote servers are not controlled by users.

### C. Mullen Fails to Plausibly Allege Direct Infringement of the '575 Patent

For the same reasons as described above for the '540 and '283 Patents, Mullen has not plausibly alleged direct infringement of the '575 Patent by Samsung because Samsung does not perform or control all recited steps of the claimed methods. Each of the independent Claims 1, 13, 30, and 38 recites steps performed by a user of a "first wireless telephone" or a "remote server." The "first wireless telephone" performs the steps of obtaining or determining its location (limitations [1a], [13a], [30a], and [38a]), and changing location information associated with a different user on a list of users (limitations [1c], [13c], [30b], [38b]). Meanwhile, "the remote server" performs the steps of transmitting location information or an alert message to a user on a list of users (limitations [1d], [13d], [30c], [38c]), determining the location information associated with the user or the wireless telephone (limitations [1e], [13e], [30d], [38d]), and providing directional information to the user of the wireless telephone (limitations [1f], [13f], [38e]).

Mullen fails to explain how any single entity performs all recited steps in the claims of the '575 Patent. Rather, the Complaint relies on the actions of two distinct parties to allege infringement. First, a user of "each Samsung phone or tablet" must "instruct such server to change in a profile associated with the device a list of users authorized to view the device's location data, where each such authorized user is associated with a wireless telephone." Compl. ¶ 196. Second, Mullen alleges that a separate "remote server system" (1) "is capable of transmitting the location of a Samsung phone or tablet to at least one of the users of the list of users" (*id.* ¶ 197) and (2) "determines the location of each Samsung phone or tablet for which location sharing is enabled" (*id.* ¶ 198). The Complaint makes no allegation that these server steps are controlled by the user, nor any allegation that the user steps are controlled by the server.

As with the '540 and '283 Patents, Mullen's alternative theory based on its allegation that "Samsung has operated, demonstrated and/or tested at least Samsung phones, tablets, and/or servers in the United States" lacks sufficient factual allegations to support a plausible theory of infringement. *See id*. ¶ 193. That Samsung has "operated, demonstrated, and/or tested" its products and servers—even if accepted as true—does not support a plausible inference that Samsung's operation, demonstration, or testing carries out each and every step of the asserted claims of the '575 Patent in the manner claimed. *See id*. For example, Mullen's infringement theory requires interactions between a phone/tablet user, a "remote server" that stores "a profile associated with the device," and a "remote server system … capable of transmitting the location" of the device. *See id*. ¶¶ 196-200. The Complaint is devoid of any factual allegation that Samsung operates and controls a "remote server" that provides the claimed functionality, nor how Samsung's testing or demonstration performs these method steps as claimed by the patent. *See id*. ¶¶ 193, 196-200.

Similarly, Mullen's assertion that "[o]n information and belief, all steps of the asserted claims … have been attributable to Samsung," *id*. ¶ 193, is conclusory, unsupported by any facts or explanation, and falls far short of meeting the pleading standards for divided infringement for the same reasons as those explained above for the '540 and '283 Patents. *See Lyda*, 838 F.3d at 1339; *Lone Star Tech.*, 2020 WL 6803249, at *7. To the extent Mullen is attempting to assert divided infringement, the Complaint fails to identify any joint infringer, any facts showing "direction or control," and any facts demonstrating a "joint enterprise." *See id.*

13

Because Mullen fails to plausibly assert that any single entity controls all the recited method steps, the Complaint must be dismissed for failure to plead divided infringement.[3] Dismissal should be with prejudice, as any attempt at amendment to plead such a divided infringement theory would be futile. There is no plausible theory where either Samsung or a user controls the other's actions—Samsung does not cause manual input on user devices, and the remote servers are not controlled by users.

### D.     Mullen Fails to Plausibly Allege Indirect Infringement of the '540, '283, and '575 Patents

For the reasons described above, Mullen fails to plead direct infringement of any of the '540, '283, and '575 Patents. And there can be no indirect infringement "without an underlying act of direct infringement." *In re Bill of Lading*, 681 F.3d at 1333. Accordingly, Mullen also fails to plead indirect infringement of the '540, '283, and '575 Patents.

Additionally, Mullen's indirect infringement allegations for the '540, '283, and '575 Patents fail for an independent reason, namely, that Samsung could not possibly induce or contribute to infringement by Samsung's "customers, resellers, and retailers." *See* Compl. ¶¶ 161-65, 180-85, 201-04. As explained above, the claims of the '540, '283, or '575 Patent each require steps performed by a "server" or "remote server." *See supra*, Sections V.A-D. The Complaint does not, and cannot plausibly, allege that Samsung's "customers, resellers, and retailers" operate their own servers to perform the claimed steps. For example, for a Samsung customer to directly infringe, that customer would need to operate or control his or her own server for steps such as

---

[3] To the extent that the Complaint also accuses Google Maps of infringing the '575 Patent, the same arguments made in this section and with respect to the '540 Patent apply to Google Maps. In particular, Mullen's infringement theory would need to rely on the actions of two parties, a device user and a server operator, neither of whom is Samsung. Even if Mullen were to allege infringement based on "testing" of Google Maps, in that narrow circumstance, Samsung does not own, control, or operate the "servers" that support Google Maps, a third-party application.

"storing … location access rights," "determining … access rights," and "providing … location" ('540 Patent, Claim 1); "transmitting … location information" and "determining whether to transmit location information" based in part on "performing an identification process" ('283 Patent, Claim 1); and "transmitting location" and managing "a profile" ('575 Patent, Claim 1). Mullen cannot plausibly claim that any of Samsung's "customers, resellers, and retailers" directly infringe these "server"-performed steps. Thus, Mullen's claims for indirect infringement of the '540, '283, and '575 Patents should be dismissed with prejudice, as any attempt at amendment to plead an indirect infringement theory would be futile.

## VI.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court dismiss with prejudice Mullen's claims for infringement of the '540, '283, and '575 Patents.

| | |
|---|---|
| DATED: May 22, 2024 | */s/ Melissa Smith* |
| | Melissa Smith |

Melissa Smith
melissa@gillamsmithlaw.com
**GILLIAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450

Darin W. Snyder
dsnyder@omm.com
Luann Simmons
lsimmons@omm.com
Mark Liang *(pro hac vice)*
mliang@omm.com
Bill Trac
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Xin-Yi Zhou (Tex. #24127916)
vzhou@omm.com
Stacy Yae (*pro hac vice*)
syae@omm.com
Paige Hardy (*pro hac vice*)
phardy@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

Marc Pensabene (*pro hac vice*)
mpensabene@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000

*Attorneys for Defendants Samsung Electronics, Ltd., and Samsung Electronics America, Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 22, 2024.

                                              */s/ Melissa Smith*
                                              Melissa Smith