# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MULLEN INDUSTRIES LLC, | § § § | |
| *Plaintiff*, | § § | No. 2:24-cv-00049-JRG |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § § § | |

## DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF THEIR PARTIAL RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF MULLEN INDUSTRIES LLC'S COMPLAINT (DKT. 1)

# TABLE OF CONTENTS

**Page**

A. Mullen Fails To Plausibly Allege Direct Infringement Of The '540 Patent By Google Maps Based On Either Testing Or Joint Enterprise ................................................. 1

B. Mullen Fails To Plausibly Allege Direct Infringement Of The '283 And '575 Patents Based On Either Control Or Testing ........................................................................ 4

C. Mullen Fails To Plausibly Allege Indirect Infringement ....................................................... 5

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
　797 F.3d 1020 (Fed. Cir. 2015) ................................................................................... 2, 4

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
　631 F.3d 1279 (Fed. Cir. 2011) ........................................................................................ 5

*De La Vega v. Microsoft Corp.*,
　No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ........................... 2

*LBS Innovations, LLC v. Nokia USA Inc.*,
　No. 2:15-CV-1972-JRG, 2016 WL 3407611 (E.D. Tex. June 21, 2016) ................................ 3

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
　594 F.3d 383 (5th Cir. 2010) ............................................................................................ 2

*Lone Star Tech. Innovations, LLC v. ASUSTeK Comput. Inc.*,
　No. 6:19-CV-00059-RWS, 2020 WL 6803249 (E.D. Tex. Jan. 14, 2020) .......................... 3, 5

*Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*,
　No. CV 19-1334-RGA-CJB, 2021 WL 2036671 (D. Del. May 20, 2021) ............................... 3

*Sentius Int'l, LLC v. Apple Inc.*,
　No. 4:20-CV-00477-YGR, 2020 WL 6081775 (N.D. Cal. Oct. 15, 2020) .............................. 4

*Vocalife LLC v. Amazon.com, Inc.*,
　No. 2:19-CV-00123-JRG, 2020 WL 5815950 (E.D. Tex. Sept. 30, 2020) .............................. 4

Mullen fails to plausibly plead that Samsung infringes the '540, '283, and '575 Patents' asserted claims that require some steps performed by a user "device" and others by a remote "server." **First**, for the '540 Patent where the Complaint accuses only the third-party Google Maps application, the Complaint does not allege that Samsung performs the "server" steps and offers no plausible explanation of how Samsung controls third-party Google Maps servers. Instead, Mullen concocts a "joint enterprise" theory absent from its Complaint. Such a theory fails because Mullen has not alleged, and cannot plausibly allege, that Samsung exercises any control over Google Maps and the servers that support it, let alone equal control necessary for a joint enterprise. **Second**, for the '283 and '575 Patents where the Complaint accuses SmartThings Find, Mullen errs by arguing that Samsung's mere offering of software constitutes "direction and control" of users to perform the claimed steps. Mullen also raises the "conditioned-benefit" test for joint infringement, but alleges no facts to support that test is met. **Third**, the indirect infringement allegations should be dismissed because Mullen fails to explain how the alleged direct infringers—device users—perform all claimed steps to directly infringe, given that users cannot perform the "server" steps.

### A.    Mullen Fails To Plausibly Allege Direct Infringement Of The '540 Patent By Google Maps Based On Either Testing Or Joint Enterprise

For the '540 Patent, Mullen's Complaint accuses only Google Maps, and Mullen's opposition notably does not dispute either that the '540 Patent's claims include steps performed by a remote "server" or that Samsung does not control the required servers for Google Maps.

Mullen nonetheless argues that the Complaint "adequately pleads that Samsung directly infringes the '540 Patent when it tests the Google Maps technology that Samsung loads onto the accused product." Opp. at 4. But the Complaint never actually alleges that Samsung tests Google Maps (let alone in the U.S.) or that Samsung controls the third-party Google Maps servers as part of any alleged testing. *See id.*, citing Dkt. 1 ("Compl."), ¶¶ 125, 156, 159. Mullen's cited exhibits

1

are no better. Exhibit 1, a 2017 article, includes only a general statement that Samsung tests its devices, with no reference to Google Maps or where testing occurs. Dkt. 23-2. Exhibit 5, meanwhile, is a message board post by a third-party user—not Samsung—and likewise fails to reference any testing by Samsung of Google Maps. Dkt. 23-6.

Even if Mullen had sufficiently alleged that Samsung tests the Google Maps application on its devices, Mullen could not plausibly allege that such testing would result in *Samsung's* performance of the '540 Patent's "server" steps, which is necessary to plead infringement. *See De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (dismissing complaint for failing to articulate any basis that defendants "performed all of the elements of the claim when it tested the accused products"). The Complaint fails to include any allegations—nor is it plausible that the "server" for the third-party Google Maps application is owned, controlled, or operated by Samsung.

Mullen alternately argues that Samsung and Google form a "joint enterprise" that supports joint infringement of the '540 Patent. Opp. at 7 and Ex. 4. Mullen's "joint enterprise" theory should be disregarded as the theory and Exhibit 4 are found nowhere in the Complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (a Rule 12(b)(6) motion considers only the complaint and documents attached to or referenced therein). Regardless, any attempt by Mullen to amend its Complaint to allege a "joint enterprise" theory would be futile.

Joint enterprise liability requires, at a minimum, that Samsung exercise *equal* control over Google Maps. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) (joint enterprise requires at least "(4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control"). But Mullen's basis for its "joint enterprise" theory is one article (Exhibit 4), purporting to describe how Google paid Samsung "to have Google apps preloaded on Samsung user devices." Opp. at 7-8. Even accepting the article as true for the

2

purposes of this motion, the article is irrelevant because it does not mention Google Maps or show Samsung exercising *any* control over Google's map servers, let alone "equal control." This is fatal to any joint enterprise theory, which requires not only "an agreement of parties to act in concert to achieve an objective," but also "an equal voice in and equal right of control over the entire enterprise." *Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, No. CV 19-1334-RGA-CJB, 2021 WL 2036671, at *17 (D. Del. May 20, 2021). Allegations akin to "a typical supplier relationship" do not meet this standard. *Id.* And that is all that is present here: The Complaint does not allege that Samsung designs or develops Google Maps, or controls Google Maps servers. As this Court found in *LBS Innovations, LLC v. Nokia USA Inc.*, there is no equal right of control or joint enterprise where only one party controls the operation of the accused application. No. 2:15-CV-1972-JRG, 2016 WL 3407611, at *3 (E.D. Tex. June 21, 2016) (dismissing joint enterprise theory where Nokia "controlled the operations" of accused software).[1]

Mullen concludes its opposition with bare speculation that it is "plausible and indeed likely" that Google and Samsung have agreed that "Google servers must obtain and return certain information" in a "particular form and content" or that Google cannot "unilaterally discontinue Google services nor deny access by Samsung devices to Google Maps." Opp. at 8. Mullen's unsupported, conclusory statement is not alleged in the Complaint, and in any event would fail to plead a plausible claim. *Lone Star Tech. Innovations, LLC v. ASUSTeK Comput. Inc.*, No. 6:19-CV-00059-RWS, 2020 WL 6803249, at *7 (E.D. Tex. Jan. 14, 2020) (dismissing joint infringement claims because "[p]leading facts 'on information and belief,' alone, is not enough"). Even if accepted as true, none of Mullen's speculation about Samsung's mere "access" to Google

---

[1] Mullen's "joint enterprise" theory also fails to explain how any steps performed by Google Maps *users* would be part of a joint enterprise, as necessary to plead infringement. Again, the '540 Patent requires not only steps performed by a server, but steps performed by users of two devices.

3

Maps could support that Samsung has equal right of control over Google Maps, Google Maps servers, and the performance of the "server" steps.

### B. Mullen Fails To Plausibly Allege Direct Infringement Of The '283 And '575 Patents Based On Either Control Or Testing

As to the '283 and '575 Patents asserted against SmartThings Find, Mullen does not dispute that the claims require some steps performed by users and other steps performed by a "server."[2]

Mullen fails to adequately plead that Samsung "directs or controls" steps performed by users as required to support a joint infringement theory. Instead, Mullen argues that because Samsung "provides" the SmartThings Find application to users and "author[ed] [ ] and control[led] [ ] the software's corresponding computer program code," Samsung is directing and controlling its users. Opp. at 6. This is not enough. "[A]s a matter of law, a method claim is not directly infringed by the mere sale of an apparatus capable of performing the claimed process." *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV-00123-JRG, 2020 WL 5815950, at *2 (E.D. Tex. Sept. 30, 2020). Rather, Mullen must allege facts showing that Samsung "directs or controls" users to perform the claimed steps, or else "conditions" a benefit upon performance of steps *and* establishes the manner or timing of that performance. *Akamai*, 797 F.3d at 1022. Mullen fails to show how SmartThings Find meets either element of *Akamai*'s "conditioned-benefit" test. In addition to failing to identify a purported "benefit," Mullen also fails to identify (1) the purported "conditions" for obtaining such benefit, (2) how Samsung establishes the manner or timing of any user's performance, and (3) how any performance allegedly infringes. *Sentius Int'l, LLC v. Apple Inc.*, cited by Mullen, actually supports Samsung, as the plaintiff failed to plead joint infringement based on user actions. No. 4:20-CV-00477-YGR, 2020 WL 6081775, at *5 (N.D. Cal. Oct. 15, 2020).

---

[2] While not alleged in its Complaint, Mullen's subsequent infringement contentions also assert the '283 and '575 Patents against Google Maps in addition to SmartThings Find. Mullen's opposition does not dispute that to the extent the '283 and '575 Patents are asserted against Google Maps, those allegations are deficient and should be dismissed for the same reasons as the '540 Patent.

Mullen's claim of direct infringement based on Samsung's alleged testing activity should also be dismissed. Mullen's cited exhibit and one-sentence boilerplate allegations that Samsung "demonstrates and/or tests at least Samsung phones and tablets in the United States" (Opp. at 3; Ex. 1; Compl. ¶¶ 173, 193) says nothing about SmartThings Find, let alone anything about testing that application in the U.S. in an infringing manner. Moreover, Mullen's cited evidence for allegations relating to "location-based services" (Opp. at 3; Compl. ¶¶ 175, 200) are screenshots suggesting that location and map data are provided by a third party, not Samsung's servers. Thus, the Complaint does not plausibly allege that Samsung performs all steps during testing.

C.  **Mullen Fails To Plausibly Allege Indirect Infringement**

Mullen's indirect infringement claims fail because its Complaint does not plead that the alleged direct infringers—"customers, resellers, and retailers" of Samsung devices—perform every step recited in the '540, '283, and '575 Patents and thereby directly infringe. For example, Mullen does not allege that any users "own and operate" the servers that support Google Maps or SmartThings Find. Opp. at 10. Instead, Mullen argues that users can infringe the "server" limitations merely putting the servers into "use" by sending them "actions and instructions." *Id*., citing *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1285 (Fed. Cir. 2011). But *Centillion* addressed the test for joint infringement of system claims; the claims here are ***method*** claims governed by *Akamai*. *See, e.g.*, *Lone Star*, 2020 WL 6803249, at *3 (distinguishing joint infringement of system claims under *Centillion* versus method claims under *Akamai*). Under *Akamai*, users directly infringe a method claim only if they perform ***all*** steps. Mullen does not allege that users perform server steps, as it does not—and cannot—plead that users own, operate, or control the servers that support SmartThings Find or Google Maps. Because users cannot be direct infringers, Mullen's indirect infringement claims should be dismissed.

5

| | |
|---|---|
| DATED: June 12, 2024 | */s/ Melissa R. Smith* |

                                                 Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450

G. Blake Thompson (Tex. #24042033)
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 657-8540

Darin W. Snyder
dsnyder@omm.com
Luann Simmons
lsimmons@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
Bill Trac
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Xin-Yi Zhou (Tex. #24127916)
vzhou@omm.com
Stacy Yae (*pro hac vice*)
syae@omm.com
Paige Hardy (*pro hac vice*)
phardy@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

Marc Pensabene (*pro hac vice*)
mpensabene@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th Fl.
New York, NY 10019
Telephone: (212) 326-2000

Cason G. Cole (Tex. #24109741)
ccole@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900

Kyla Butler (pro hac vice)
kbutler@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for Defendants Samsung Electronics, Ltd., and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 12, 2024.

                                       */s/ Melissa R. Smith*
                                        Melissa R. Smith