IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULLEN INDUSTRIES LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:24-cv-00049-JRG |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., and § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Quash the Samsung Defendants' Venue Deposition Notices to the Extent they Seek Third-Party Confidential Information (the "Motion to Quash") filed by Plaintiff Mullen Industries LLC ("Plaintiff"). (Dkt. No. 41.) Having considered the Motion to Quash and related briefing, the Court finds that it should be and hereby is **GRANTED-IN-PART and DENIED-IN-PART**, as set forth herein.

I.    BACKGROUND

Plaintiff filed this lawsuit against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Defendants") on January 26, 2024, asserting patent infringement. (Dkt. No. 1.) On July 19, 2024, Defendants filed a Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) (the "Motion to Transfer"). (Dkt. No. 37.) Thereafter, the parties agreed to conduct limited venue discovery. (Dkt. Nos. 39, 40.)

Plaintiff filed the Motion to Quash on September 26, 2024, seeking to quash certain of Defendants' noticed venue deposition topics to the extent they seek confidential third-party information. (Dkt. No. 41 at 1.) According to Defendants, the specific topics Plaintiff seeks to

quash are Topics 7 and 8 (collectively, "Topics") in Defendants' Rule 30(b)(6) venue deposition notice. (Dkt. No. 42 at 1.) The Topics seek information regarding Jeffrey D. Mullen's business or employment related travel to California and Jeffrey D. Mullen's business relationships or employment with any company located in California. (*See* Dkt. No. 42-2.)

## II.   LEGAL STANDARD

Rule 26(b)(1) governs the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" or "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As the Fifth Circuit has repeatedly instructed, "[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010).

## III.   ANALYSIS

Plaintiff asserts that these Topics improperly seek confidential information regarding third-party Dynamics Inc. and other third parties. (Dkt. No. 41 at 2.) Plaintiff argues that this information is irrelevant to Defendants' Motion to Transfer. (*Id.* at 3.) Plaintiff asserts that these Topics amount to harassment "because Samsung has waived its ability to rely on these subjects in connection with Samsung's motion to transfer venue because Samsung did not do so in its motion." (*Id.*) Plaintiff does not object to limiting the Topics to the business of Plaintiff Mullen Industries LLC or regarding the asserted patents. (*Id.* at 3.)

Defendants assert that the Topics do not seek third-party confidential information. (Dkt. No. 42 at 1.) Defendants contend that the Topics merely seek information "about Jeffrey Mullen, the founder and CEO of Plaintiff Mullen Industries LLC and the sole named inventor of all nine patents-in-suit." (*Id.* at 1-2.) Defendants argue that "Mr. Mullen's presence in California on behalf of any entity, including Dynamics, is relevant" to its Motion to Transfer, which Defendants could not have included in their Motion to Transfer due to the lack of venue discovery before the filing. (*Id.* at 3-5.) Defendants argue that "[i]f Mr. Mullen is regularly in California or keeps other addresses in the state—regardless of whether that is because of his work with Mullen Industries or other businesses that he owns or operates—then the NDCA would be more convenient for him than here in Texas." (*Id.* at 3.)

The Court is persuaded that the Topics seek information beyond what is relevant to Defendants' Motion to Transfer. Specifically, the Court does not find that the frequency Mr. Mullen is in California on behalf of third-party entities is relevant to Defendants' Motion to Transfer. Instead, what is relevant to a Section 1404(a) analysis is the location of Plaintiff Mullen Industries LLC and the location of Mr. Mullen. The fact that Mr. Mullen may regularly travel to California for matters unrelated to the operations of Mullen Industries LLC is irrelevant to a Section 1404(a) analysis.

Accordingly, the Court finds that Defendants may seek venue discovery regarding Plaintiff Mullen Industries LLC, the asserted patents, and the conduct of Jeffrey D. Mullen on behalf of Mullen Industries LLC. However, Defendants are not permitted to seek venue discovery regarding third-party Dynamics Inc., other third parties, or the conduct of Jeffrey D. Mullen unrelated to Mullen Industries LLC. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (identifying the non-exhaustive list of private and public interest factors the Court considers in evaluating a

motion to transfer pursuant to Section 1404(a)).

## IV.  CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Quash (Dkt. No. 41) is **GRANTED-IN-PART and DENIED-IN-PART**. Accordingly, it is **ORDERED** that Defendants' noticed venue deposition topics are **QUASHED** to the extent they seek information regarding Dynamics Inc., other third parties, or the conduct of Jeffrey D. Mullen unrelated to Mullen Industries LLC, but not otherwise.

**So ORDERED and SIGNED this 8th day of November, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE