**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| MULLEN INDUSTRIES LLC,<br><br>             *Plaintiff,*<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD., AND<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>             *Defendants.* | Case No. 2:24-cv-00049-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF MULLEN INDUSTRIES LLC'S BRIEF IN OPPOSITION TO
SAMSUNG'S MOTION TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF CALIFORNIA**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................1

II.     ARGUMENT ..............................................................................................................3

    A.  Samsung Failed to Show This Case Could Have Been Brought in NDCA ..................3

    B.  The Private Interest Factors Weigh Against Transfer ....................................................3

        1.  Relative Ease of Access to Sources of Proof Weighs Against Transfer .................3

        2.  Availability of Compulsory Process Does Not Favor Transfer .............................7

        3.  Cost of Attendance and Convenience for Willing Witnesses Weighs Strongly Against Transfer ..........................................................................................10

        4.  The Practical Problems Factor Weighs Against Transfer ......................................13

    C.  The Public Factors Weigh Against Transfer ................................................................13

        1.  EDTX's Local Interest Weighs Strongly Against Transfer ..................................13

        2.  Administrative Difficulties and Congestion Weigh Against Transfer ..................14

        3.  Familiarity With the Law and Conflict of Law Factors are Neutral .....................14

    D.  Samsung was Unprepared for the 30(b)(6) Deposition and Its Motion Should Be Denied for This Independent Reason ......................................................................14

III.    CONCLUSION ..........................................................................................................15

██████████

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cardware Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 2:22-cv-0141-JRG-RSP, 2023 U.S. Dist. LEXIS 62442 (E.D. Tex. Apr. 8,
  2023) ........................................................................................................................ *passim*

*Def. Distrib. v. Bruck*,
  30 F.4th 414 (5th Cir. 2022) ...................................................................................................6

*Demaray LLC v. Samsung Elecs. Co., Ltd.*,
  No. 6:20-cv-00636 (ADA), 2021 U.S. Dist. LEXIS 222472 (W.D. Tex., July
  29, 2021) ...............................................................................................................8, 10, 12

*Fujinomaki v. Google, Inc.*,
  No. 2:15-cv-1381-JRG-RSP, 2016 U.S. Dist. LEXIS 63783 (E.D. Tex. May
  13, 2016) ....................................................................................................................13

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ...............................................................................................14

*In re Google*,
  No. 2022-140, 2022 U.S. App. LEXIS 13799 (Fed. Cir. May 23, 2022) .................6, 7, 10, 12

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) ...................................................................................................8

*In re Samsung*,
  2 F.4th 1371 (Fed. Cir. 2021) ................................................................................6, 7, 10, 12

*In re TikTok, Inc.*,
  85 F.4th 352 (5th Cir. 2023) ...................................................................................................12

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ...................................................................................................3

*Jawbone Innovations, LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:21-cv-186-JRG-RSP, 2022 U.S. Dist. LEXIS 157916 (E.D. Tex. Aug.
  31, 2022) ........................................................................................................................ *passim*

*Monterey Research, LLC v. Broadcom Corp.*,
  No. W-21-CV-00541-ADA, 2022 U.S. Dist. LEXIS 30364 (W.D. Tex. Feb.
  21, 2022) ....................................................................................................................15

*Porto Tech., Co. v. Samsung Elecs. Am., Inc.*,
   2:15-cv-00456-JRG-RSP, 2016 U.S. Dist. LEXIS 31287 (E.D. Tex. Mar. 11,
   2016) ......................................................................................................................10

*Rembrandt Wireless Techs., LP v. Apple Inc.*,
   No. 2:19-cv-00025-JRG, 2019 U.S. Dist. LEXIS 205694 (E.D. Tex. Nov. 27,
   2019) ......................................................................................................................12

**Statutes**

28 U.S.C. § 1404.............................................................................................................1

███████████████

Plaintiff Mullen Industries LLC opposes Samsung's Motion to Transfer this case to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404. Dkt. 37 ("Mot.").

## I.   INTRODUCTION

This is not a close case for transfer. In a word, Samsung's request to transfer to NDCA is unprecedented—one need look no further than this Court's decisions in *Cardware* and *Jawbone*,[1] cases glaringly absent from Samsung's motion, to understand that Samsung is not entitled to transfer because: (i) Samsung has failed to establish that NDCA is a proper venue; and (ii) this case possesses at least the same deep and meaningful ties to EDTX that this Court identified in *Cardware* and *Jawbone*. Conversely, Samsung's cited cases are easily distinguished. They involve rare instances of transfer in coordinated actions where Google itself was a party, or where suit against Samsung was filed in WDTX—facts not present here.

First, Samsung glosses over the threshold question of whether venue would have been proper in NDCA. As in *Jawbone*, Samsung's vague statements do not establish that defendant Samsung Electronics America, Inc. has a regular and established place of business in NDCA.

Second, even considering the convenience factors, Samsung ignores its strong connection to EDTX, which is anchored by Samsung's substantial evidence in Plano, TX and its more than ███ employees working there across at least ███ business units in Samsung's sprawling ███████ ███████████[2] Samsung's witnesses and evidence in Plano, TX focus on marketing, valuation, sale, and testing of the accused products, which activities are highly relevant to Samsung's acts of direct infringement, including Samsung's use of the patented technology, and damages. By way

---

[1] *Cardware Inc. v. Samsung Elecs. Co., Ltd.,* No. 2:22-cv-0141-JRG-RSP, 2023 U.S. Dist. LEXIS 62442 (E.D. Tex. Apr. 8, 2023); *Jawbone Innovations, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-186-JRG-RSP, 2022 U.S. Dist. LEXIS 157916 (E.D. Tex. Aug. 31, 2022).
[2] ████████████████████████████████████████ Ex. 2 (Samsung website, "Samsung Electronics America to Open Flagship North Texas Campus"). All exhibit citations are to the declaration of Peter F. Snell, filed herewith.

of example only, Samsung itself identified in its initial ████—but Samsung's motion failed

to acknowledge—two relevant Samsung employees in EDTX.[3] This alone is powerful evidence

that weighs strongly against transfer because both such witnesses will likely testify at trial.

Further still, even Samsung's 30(b)(6) venue witness could not explain away additional

evidence of this case's deep ties to EDTX that Samsung was forced to provide in discovery. ████



As additional examples, ████████████████████████████

For its part, Samsung's motion overstates the significance of purported Samsung witnesses

in Korea, non-party Google LLC witnesses, and speculative prior art witnesses, none of which

establish that NDCA is a "clearly more convenient" forum than EDTX.

---

██████████████

## II.     ARGUMENT

### A.     Samsung Failed to Show This Case Could Have Been Brought in NDCA

As a threshold matter, as in *Jawbone*, the Court should deny Samsung's motion because Samsung's vague statement that "SEA has offices with over ██ regular full-time employees in the NDCA" (Mot., 7) "fail[s] to provide a sufficient basis for the Court to determine that the NDCA is a district where the suit might have been brought." *Jawbone*, 2022 U.S. Dist. LEXIS 157916, at *11. Samsung does not identify the address of such "offices," nor whether they are home offices of employees or offices that belong to a different entity, neither of which would be sufficient to establish that venue would have been proper as to SEA in NDCA. Indeed, Samsung's venue interrogatory response ███████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████ Further, a public web search indicates that while a different entity, Samsung Research America ("SRA"), may have an office in Mountain View, CA, Samsung has represented during venue discovery in this case that SRA is a different entity that is not a party to this action. *See* Ex. 5 (SRA website); ███████████████████████

### B.     The Private Interest Factors Weigh Against Transfer

Even considering the convenience factors, the Court should deny Samsung's motion.

#### 1.     Relative Ease of Access to Sources of Proof Weighs Against Transfer

The first private factor, which assesses the relative ease of access to sources of proof, weighs against transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Samsung concedes that Plaintiff's infringement allegations in this case can be summarized as follows: (i) Samsung mobile devices with Samsung's STF technology infringe seven of the nine asserted patents; (ii) Samsung mobile devices with Google Maps technology infringe eight of the nine asserted patents; and (iii) Samsung watches infringe one asserted patent. Mot., 2.

████████████████

As in *Cardware*, this factor weighs against transfer because "evidence related to damages and testing is in Plano, Texas within this district." *Cardware*, 2023 U.S. Dist. LEXIS 62442, at *4-6. Indeed, even Samsung's motion concedes that "SEA has offices in Plano and likely maintains certain financial and marketing documents there." Mot., 10. Even more specifically, uncontroverted evidence establishes that the following relevant evidence resides in EDTX:

- <u>Samsung's damages-related documents relating to marketing and valuation of the accused products</u>. Samsung's initial disclosures concede that Samsung employee ████████ ████████████████████████████████ possesses information in EDTX related to "Samsung's marketing or business information related to Samsung's accused products." Ex. 3 at 8. ████████████ was Samsung's 30(b)(6) venue deponent and confirmed the same. ████████ ████████████████████ ██████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████

- <u>Samsung's damages-related documents relating to financials regarding the accused products</u>. Samsung's initial disclosures also concede that Samsung employee ████████ (██ ████████ possesses information in EDTX related to ████████████████████ ████████████████████████████ ████████████████████████ ████ Such documents invariably include relevant financials including sales, costs, and margins.

- <u>Samsung's damages-related documents relating to consumer insights and value drivers of the accused products</u>. Samsung employee, ████████████, possesses evidence in EDTX regarding consumer insights, including ████████████████████████ ████████████████████████████████████. *See* ████████████████████████████████████ Ex. 7 ████████████████████ ████████████████

4



- <u>Documents related to testing of the accused technology including Samsung mobile devices with STF.</u> ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ Samsung has yet to produce the documents related to such testing but cannot credibly deny that such documents exist.

In addition, further demonstrating that relevant documents exist in EDTX (and possibly *only* in EDTX), Samsung's venue witness was unable to confirm nor deny ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

Samsung's arguments do not tip this factor in its favor. Samsung argues that relevant evidence will come from "SEC in Korea, which developed the accused SmartThings Find application and ████████████████████████████████." Mot., 9. However, even Samsung concedes that "Samsung's evidence in Korea … is neutral to the analysis." Mot., 10; *see also Cardware*, 2023 U.S. Dist. LEXIS 62442, at *5-6 (finding "proof outside the United States … equally inconvenient for both [EDTX] and NDCA"); *Jawbone*, 2022 U.S. Dist. LEXIS 157916, at *13-14 ("[t]he presence of relevant technical documents in South Korea is neutral").

Samsung next argues that relevant evidence will come from "third-party Google in the NDCA, which developed Google Maps." Mot., 9.[4] However, because Google Maps is only one of multiple relevant technologies in the Samsung accused products (in addition to Samsung's STF and watch notification technologies), source code regarding Google Maps should be afforded less weight. *Jawbone*, 2022 U.S. Dist. LEXIS 157916, at *13 ("proof relevant to an accused feature … located in the NDCA … is due only slight weight" where it is one of multiple accused features). Samsung's vague reference to "technical documents … relating to Google Maps' accused Location Sharing feature" should also be afforded no weight because a movant must make "an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum." *Def. Distrib. v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022).

Samsung's speculative arguments regarding potential prior art evidence should also be given little, if any, weight. Mot., 5-6, 10. Samsung's five identified patents and printed publications are entitled little weight because they are not prior art products—only one identified item arguably is (*i.e.*, "CellPoint 'Finder!'"). *Id.*; *Cardware*, 2023 U.S. Dist. LEXIS 62442 at *5-6 (finding alleged prior art evidence "speculative" and of little weight where it only implicated "one prior art product"). And, that Samsung has not served subpoenas on any of these purported prior art sources confirms that Samsung's arguments are speculative and entitled to no weight. The faces of these publications also suggest that relevant evidence, if any, exists outside of California. *See* Snell Decl. at ¶ 16 (evidence, if any, likely located in Dallas, TX, Delaware, New Jersey, and Japan).

Samsung's reliance on *In re Google* and *In re Samsung* is misplaced. Mot., 10. Neither case supports Samsung's argument that cases against Samsung are transferred from EDTX to

---

[4] Because Samsung admits it loads its Korea-based ███████████████████████ onto the accused products, ███████████ allegedly possessed by Google is not relevant. Mot., 9.

NDCA "where … relevant technical evidence is from Google and its employees in NDCA." *Id.*

*In re Google* is easily distinguished because there (unlike here) plaintiff had also filed suit against Google and Waze; thus, because the Google and Waze cases were transferred to NDCA, judicial economy was served by transferring the suit against Samsung to NDCA too. *In re Google,* No. 2022-140, 2022 U.S. App. LEXIS 13799, at *4 (Fed. Cir. May 23, 2022). In addition, "Google's accused functionality [was] at the center of the allegations" (*id*. at *9) whereas here Samsung's own (i) STF technology and (ii) ███████████████████ are also accused. Further, the evidence there only reflected Samsung's "general" connection to EDTX (*id*. at 12 n.3), whereas here Samsung's evidence and witnesses in Plano, TX facility have deep evidentiary ties to this case, including as admitted in Samsung's initial disclosures. Ex. 3 at 8.

*In re Samsung* is also easily distinguished. It involved a suit against Samsung in WDTX, not EDTX where Samsung maintains its massive Plano, TX facility and where Samsung has admitted in this case witnesses and sources of proof exist. *Cf. In re Samsung,* 2 F.4th 1371, 1379 (Fed. Cir. 2021) ("not a single witness has been identified as residing in or near the Western District of Texas"). In addition, it is not the case here that the "infringement contentions are directed at functionality in third-party applications" (*id*. at *1374) because here Samsung's own STF technology and ████████████████ are also accused of infringement.

Accordingly, the Court should find that this factor weighs against transfer.

## 2.    Availability of Compulsory Process Does Not Favor Transfer

The second factor, which considers unwilling, nonparty witnesses whose attendance would need to be secured by court order, does not favor transfer.

At least three unwilling witnesses in this District possess relevant knowledge regarding the development of Samsung's IoT platform for its SmartThings application, which includes Samsung's STF technology. Ex. 4, Samsung Tr. at 25:21-26:9, 96:14-15; Ex. 15. Samsung's

witness could not deny their relevance. *Id.* at 141:22-146:11, 162:14-165:8. In particular:

- Feng Qi of Richardson, TX is a SRA Software Systems Engineer, Mobile Innovation with knowledge relevant to "IoT edge and cloud … BLE, SmartThings." Ex. 16 at 1 (LinkedIn); Ex. 17 at 1 (confirming STF uses BLE location sharing technology); Ex. 18 (Richardson, TX). ███████████████████████████ Samsung Tr. at 94:16-95:4. Samsung also concedes that SRA is a third party. *Id.* at 142:15-144:8.

- Jay Shah of Wylie, TX is a former SEA Software QA Engineer Team Lead with relevant knowledge regarding "designing and building performance and IOT test infrastructure." Ex. 19 at 2 (LinkedIn); Ex. 20 (Wylie, TX).

- Onaiza Mir of Plano, TX is a former SEA Senior Network Engineer with knowledge relevant to "Pre-IOT testing and test management, mobile applications." Ex. 21 at 3 (LinkedIn); Ex. 22 (Plano, TX).

Turning to Samsung's arguments, as an initial matter Samsung has not alleged nor shown that any witnesses it identifies are unwilling witnesses. Thus, Samsung's arguments under this factor should be afforded little, if any, weight. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630−31 (5th Cir. 2022). The alleged Google witnesses should not be considered "unwilling" because (i) they "voluntarily provided a declaration in support of Samsung's Motion to Transfer", (ii) "Samsung does not deny that [the third party] has indemnity obligations to Samsung" and (iii) Google has "been coordinating with Samsung … on … *inter parte* review … petitions." *Demaray LLC v. Samsung Elecs. Co., Ltd.*, No. 6:20-cv-00636 (ADA), 2021 U.S. Dist. LEXIS 222472, *12 (W.D. Tex., July 29, 2021). Indeed, Google's declarants voluntarily submitted declarations without subpoena and expressly stated that "If called as a witness, I could and would testify competently to the information contained herein." Dkt. 37-03 at ¶ 1; Dkt. 37-04 at ¶ 1. Samsung's initial disclosures ███████████████████████████

███████████████

████████████████████████████████████████

███████████████████████████████████████

Even considering the Google witnesses under this factor, it is inconceivable that all ██ Google witnesses will testify; Samsung in fact offers nothing to suggest that more than one or two of them are relevant (*i.e.*, ████████ and ███ who were the Google declarants to Samsung's motion). ████████████████████████████████████

████████████████████████████████████

In addition, once source code is obtained from Google in discovery,[5] there will be no need for any Google witness to testify at trial. Indeed, even Samsung has acknowledged that once source code is produced, it provides "all the information needed," which can be "just as readily determined by [the expert witnesses] by reviewing the code produced." Ex. 24 at 3 (Samsung Counsel's letter to Plaintiff's Counsel). This, too, belies Samsung's present argument that Google's witnesses are needed for trial.

Samsung's purported prior art witnesses (Mot., 8) should also be afforded no weight for the same reasons identified above for the first private factor. As this Court has held, their relevance is purely speculative including because Samsung has not issued subpoenas to any of them. *Cardware*, 2023 U.S. Dist. LEXIS 62442, at *7 (finding Samsung's "intent to subpoena" speculative and lacking "evidence … that [nonparties] have information regarding … prior art").

Samsung's identification of ████████████████ as a potential witness is also unpersuasive. Mot., 8. Plaintiff's ████████████ speaks for itself and will not require live testimony ████████████████. Nor has Samsung even attempted to explain why such

---

[5] Plaintiff has already issued subpoenas to Google to produce a narrow set of documents and information relevant to this case. Ex. 23 at Ex. A, p. 1 (three targeted requests for production).

████████████████████

testimony is relevant. *See, e.g., Demaray*, 2021 U.S. Dist. LEXIS 222472, at *13 (finding unpersuasive Samsung's identification of "witnesses to Samsung's license defense"). Moreover, if evidence regarding licenses were relevant, Plaintiff and its sole member ███████████ ████████████████████████████████████ which weighs against transfer or renders this factor neutral. Ex. 25 at 10 (Plaintiff's Resp. to Venue ROG); *Jawbone*, 2022 U.S. Dist. LEXIS 157916, at *14-16 (finding this factor neutral where both "parties have pointed to a series of witnesses located in both forums that may have relevant knowledge").

For the same reasons identified above (*supra* II.B.1.), Samsung's reliance on *In re Google* and *In re Samsung* is misplaced and does not support Samsung under this factor. *Porto Tech.* is also easily distinguished because there Samsung's motion to transfer was effectively unrebutted. *Porto Tech., Co. v. Samsung Elecs. Am., Inc.*, 2:15-cv-00456-JRG-RSP, 2016 U.S. Dist. LEXIS 31287, *6 (E.D. Tex. Mar. 11, 2016) ("Porto failed to adequately challenge [Samsung's] evidence in its briefing and at the hearing"). In stark contrast, Plaintiff here has provided ample evidence demonstrating that the Court should deny Samsung's motion.

Accordingly, the compulsory process factor does not favor transfer.

### 3. Cost of Attendance and Convenience for Willing Witnesses Weighs Strongly Against Transfer

"[W]eighing against transfer" under this factor is "the fact that SEA has identified witnesses on its initial disclosures that are … located in this District." *Jawbone*, 2022 U.S. Dist. LEXIS 157916, at *18. In addition, that "witnesses with knowledge related to damages reside in and around EDTX" weighs against transfer. *Cardware*, 2023 U.S. Dist. LEXIS 62442, at *7-8.

Here, this factor strongly weighs against transfer because Samsung identified in its initial disclosures both ████████████████████████████████████████ ███████ in EDTX as possessing information relevant to marketing, financials, and damages.



*Supra* at § II.B.1. In addition, (i) like ██████████ Samsung employee ████████ (*see* Ex. 26 (LinkedIn)) used the accused STF technology in EDTX, (ii) SEA employee ████████ and others in Samsung's EDTX-based consumer insights group possess relevant information regarding value drivers for consumers and damages, and (iii) ████████████████████████████ ████████████████████████████████████████████████████████

Still further, Samsung employs at least the following 9 witnesses in EDTX with relevant knowledge regarding Samsung's development of its IoT platform for the STF technology and its location sharing. Ex. 4, Samsung Tr. at 25:21-26:9. Tellingly, Samsung's deponent could not deny their relevance. Ex. 4 at 147:10-161:25; Ex. 14 at 8 (Topics 1-2).

| Samsung Employee | Location | Title | Description |
|---|---|---|---|
| ██████ | Plano, TX | Digital Content Manager – SmartThings, IoT & Connected Devices | Managing all Samsung Mobile, IoT, and Tablet Technical Training and Learning Development for Samsung Contact Centers (Ex. 27 (LinkedIn)) |
| ██████ | Plano, TX | Head of Samsung IoT Strategy | "Managed the IoT Platform business … while driving comprehensive product strategy, ecosystem integration, and user experience enhancements" (Ex. 28 (LinkedIn)) |
| ██████ | Plano, TX | Director, National Retail Mobile Category Management | Formerly employed as "Director, IoT Product Management" in the relevant period of Nov. 2017-Feb. 2020 (Ex. 29 (LinkedIn)) |
| ██████ | Plano, TX | Sr. Software Quality Assurance Engineer | "[V]arious major applications of multiple Samsung devices … watch, wearables, IOT products" (Ex. 30 (LinkedIn)) |
| ██████ | Plano, TX | Staff – Engineering and Architecture | "IOT" and "Responsible for Systems Engineering, Customer Solution management" (Ex. 31 (LinkedIn)) |
| ██████ | Plano, TX | Engineer III-System Structure Design | "Cloud (RCS platform) native client IoT testing (interoperability testing with carriers and devices)" (Ex. 32 (LinkedIn)) |
| ██████ | Plano, TX | Director of Strategic Accounts | "[R]esponsible for … IoT … sales operations, sales revenue, marketing and business development" (Ex. 33 (LinkedIn)) |

| | Plano, TX | Director, Systems and Performance Engineering | "Engineer with extensive international experience in … IoT" (Ex. 34 (LinkedIn)) |
|---|---|---|---|
| | Plano, TX | Hardware Engineer | Knowledgeable in NB-IoT (Ex. 35 (LinkedIn)) |

Samsung's heavy reliance on "Samsung's Korea-based witnesses" is misplaced. Mot., 11. This Court has correctly held that "[a]s it relates to witnesses from Korea, the difference of inconvenience is negligible." *Cardware*, 2023 U.S. Dist. LEXIS 62442, at *7-8. Moreover, *In re TikTok*, cited by Samsung, is not inconsistent, and is distinguishable. Mot., 11 (citing *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023)). There, unlike here, the parties agreed the case could have been brought in NDCA (*id.* at n.5), it involved travel from China to WDTX (not Korea to EDTX), and no "record evidence show[ed] that any employee in the Western District of Texas possesses proof relevant to this case" (*id.* at *360). In contrast, this case involves multiple witnesses in EDTX who possess relevant evidence. And, any increase in inconvenience to Korea-based witnesses is nominal in comparison to the inconvenience that will be borne by the EDTX-based witnesses if they are forced to travel to NDCA. *See Demaray*, 2021 U.S. Dist. LEXIS 222472, at *11 ("The inconvenience of foreign witnesses, who will have to travel a substantial distance to be present in any U.S. court, is weighted less heavily than that of domestic witnesses.") (citations omitted).

Samsung's reliance on STI employees is also unpersuasive. Mot., 11. As Samsung admits, they do not work on the accused STF technology; Samsung's witnesses in Korea do. *Id.* at 3.

Samsung's argument that Plaintiff and its sole member Jeff Mullen would find NDCA more convenient also fails. *Id.* at 12. Plaintiff and Mr. Mullen chose to file suit in EDTX and "[a]bsent ... a showing [by Samsung that transfer to NDCA is clearly more convenient], the plaintiff's choice of forum is to be respected." *Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 2:19-cv-00025-JRG, 2019 U.S. Dist. LEXIS 205694, at *4 (E.D. Tex. Nov. 27, 2019).

Samsung's reliance on *In re Google* and *In re Samsung* is misplaced for the same reasons

identified above for the first private factor. Mot., 12. *Fujinomaki* cited by Samsung is also easily distinguished. Unlike the situation here, it considered a motion to transfer filed by party "Google Inc.," which is not a party here, and judicial economy favored transferring the Google action and the actions against non-Google defendants. *Fujinomaki v. Google, Inc.*, No. 2:15-cv-1381-JRG-RSP, 2016 U.S. Dist. LEXIS 63783, *5-6 (E.D. Tex. May 13, 2016). In addition, unlike here, the actions were transferred because "Plaintiff did not present meaningful countervailing or rebuttal evidence" and "no party identified any specific witness or evidence located in [EDTX]." *Id*.

Accordingly, this factor weighs heavily against transfer.

### 4.    The Practical Problems Factor Weighs Against Transfer

This case has been pending for nearly 10 months and trial is set to begin in less than one year. Dkt. 30. The parties have served infringement and invalidity contentions, conducted source code review, and engaged in extensive written discovery and document production, with Plaintiff substantially completing its production and Samsung producing approximately 250,000 pages. The parties have also fully briefed Samsung's partial motion to dismiss. Dkt. 13, 23, 26.

Accordingly, this factor weighs against transfer because, to Plaintiff's prejudice, there will be no obligation for a NDCA court to adopt the current schedule nor to prevent Samsung from attempting to redo its contentions or to re-brief its partial motion to dismiss.

### C.    The Public Factors Weigh Against Transfer

### 1.    EDTX's Local Interest Weighs Strongly Against Transfer

This Court has correctly held that this factor weighs against transfer where, as here, "Samsung has a significant presence in Plano, Texas which carries out testing on and marketing efforts over the accused products." *Cardware*, 2023 U.S. Dist. LEXIS 62442, at *9. EDTX's strong local interest is undeniable here because even Samsung's initial disclosures identify Samsung's EDTX employees, and Samsung's witness also could not deny the relevance of even more EDTX

███████████████

witnesses and evidence that Plaintiff has identified *supra* at § II.B.3. *See Jawbone*, 2022 U.S. Dist. LEXIS 157916, at *21 ("Samsung has failed to refute [plaintiff's] assertion that Samsung's presence in the district has a relation to the accused products.").

Contrary to Samsung's argument (Mot. 13), Samsung's EDTX-based evidence and employees who work on aspects of the accused products identified above demonstrate without serious question that Samsung has much more than a "general presence" in this District for purposes of this case. Samsung's reliance on non-party Google is also overstated and cannot override EDTX's local interest in this case resulting from Samsung's ties to this District. Finally, for the reasons discussed for the third private factor (willing witnesses), Samsung's reliance on STI is unpersuasive because Samsung admits STI does not work on the accused STF technology.

Accordingly, the local interest factor weighs against transfer.

### 2. Administrative Difficulties and Congestion Weigh Against Transfer

Courts view this factor as "the most speculative," albeit still relevant. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). This factor weighs against transfer because the median time to trial is shorter in EDTX than in NDCA (21 v. 26 months), and EDTX is far less congested (2,602 v. 11,495 cases). Ex. 36 at 1 and 6; *see also Cardware*, 2023 U.S. Dist. LEXIS 62442, at *8.

### 3. Familiarity With the Law and Conflict of Law Factors are Neutral

Plaintiff agrees that these factors are neutral.

### D. Samsung was Unprepared for the 30(b)(6) Deposition and Its Motion Should Be Denied for This Independent Reason

Also undermining Samsung's motion is that Samsung's sole 30(b)(6) venue witness was woefully unprepared on numerous topics. Ex. 14 at 8-10 (Topics 1-2, 4-5, 7-10). ███████████

████████████████████████████

████████████████████████████

███████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

Mr. Uptegrove was equally unprepared to discuss the evidence Plaintiff requested in venue discovery. Almost inconceivably, he admitted Samsung had not investigated what types of documents the ████ employees in Samsung's Plano, TX facility possess. *Id.* at 44:23-45:3, 54:7-12, 61:7-64:21, 127:12-25, 129:19-130:3, 132:19-133:10, 144:22-146:11. He also admitted that Samsung's interrogatory responses did not identify ██████████████████

████████████████████████████████████████████

Furthermore, notwithstanding the relevance of Samsung's STF technology, █████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

Samsung and Mr. Uptegrove also did not investigate: (i) who at Samsung ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

Samsung's failure to prepare its witness weighs against transfer. *E.g., Monterey Research, LLC v. Broadcom Corp.*, No. W-21-CV-00541-ADA, 2022 U.S. Dist. LEXIS 30364, at *9-10 (W.D. Tex. Feb. 21, 2022) (deposition revealed "little was done" to support venue allegations).

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Samsung's motion to transfer to NDCA.

Dated:  November 15, 2024

Respectfully submitted,

/s/ Peter F. Snell
Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
State Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
815 South Broadway Avenue
Tyler, Texas 75701
Tel: 903-593-7000
Fax: 903-705-7369

Peter F. Snell
Admitted in this Court
NY Bar No. 4474136
pfsnell@mintz.com
Brad M. Scheller (*pro hac vice*)
bmscheller@mintz.com
Paul S. St. Marie (*pro hac vice*)
psstmarie@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
(212) 935-3000

*Attorneys for Plaintiff*
*Mullen Industries LLC*

## CERTIFICATE OF SERVICE

I certify that, on November 15, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Peter F. Snell*
Peter F. Snell

17

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I certify that this document is filed under seal pursuant to the Protective Order approved and entered into this case.

<u>/s/ *Peter F. Snell*</u>
Peter F. Snell

18