# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MULLEN INDUSTRIES LLC, | § | Case No. 2:24-cv-00049-JRG |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., and | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

## SAMSUNG'S REPLY IN SUPPORT OF ITS
## MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| A. | Compulsory Process And Convenience Factors Strongly Favor Transfer. | 1 |
| B. | Access To Sources Of Proof Favors Transfer. | 4 |
| C. | The Remaining Disputed Factors Are Neutral Or Favor Transfer. | 5 |
| D. | Samsung's 30(b)(6) Venue Witness, ▉▉▉▉▉▉ Was Prepared. | 5 |

## TABLE OF AUTHORITIES

**Page**

**CASES**

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
  No. 2:17-cv-00513-JRG, 2018 WL 2329752 (E.D. Tex. May 23, 2018) ................................ 3

*Cardware Inc. v. Samsung Elecs. Co.*,
  No. 2:22-cv-0141-JRG-RSP, 2023 WL 2871052 (E.D. Tex. Apr. 8, 2023) ............................ 5

*DDC Tech., LLC v. Google LLC*,
  No. 3:22-cv-1263, 2023 WL 2518846 (N.D. Tex. Mar. 14, 2023) ........................................... 2

*Demaray LLC v. Samsung Elecs. Co.*,
  No. 6:20-CV-00636-ADA, 2021 WL 5316455 (W.D. Tex. July 29, 2021) ............................ 3

*In re Google LLC*,
  2022-140, 2022 WL 1613192 (Fed. Cir. May 23, 2022) ......................................................... 4

*In re HP Inc.*,
  2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ........................................................ 3

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ................................................................................................ 4

*In re Samsung Elecs. Co.*,
  2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023) ..................................................... 3, 5

*Jawbone Innovations, LLC v. Samsung Elecs. Co.*,
  No. 2:21-cv-00186-JRG-RSP, 2022 WL 4004195 (E.D. Tex. Aug. 31, 2022) ....................... 5

The facts compelling transfer to the NDCA are plain. Sworn testimony and venue discovery establish that 2 of the 3 accused applications in this case, Google Maps and Wear OS, originated from third-party Google employees, mostly in the NDCA. NDCA is also where prior artists and ▮▮▮▮▮ are located. And the third accused application, Samsung's SmartThings Find (STF), is developed in Korea. There are no Samsung employees or third parties in Texas with relevant technical knowledge, and Mullen itself claims no ties to Texas.

Rather than address these relevant facts, Mullen resorts to misdirection and conjecture. To start, Mullen goes so far as to dispute whether the threshold requirement for transfer is met, suggesting that SEA has no offices in the NDCA despite the motion's statement that "SEA has offices with over ▮ regular full-time employees in the NDCA." Opp. at 3. In making this argument, Mullen ignores SEA's office list, produced and cited by Samsung, identifying SEA's ▮ sq. ft. campus at 645 and 665 Clyde Ave., Mountain View, CA. Exs. R-S; ▮▮▮ Next, Mullen speculates based on 14 LinkedIn pages that Samsung employees in Texas working on "Internet of Things" ("IoT") are relevant. But IoT *is not accused* and has nothing to do with the accused STF app that *is* accused. Tellingly, Mullen chose not to depose these 14 allegedly relevant witnesses to test its incorrect speculation. Considering the witnesses and evidence that are *actually* relevant, the NDCA is a proper and clearly more convenient forum.

A.   **Compulsory Process And Convenience Factors Strongly Favor Transfer.**

<u>Samsung Employees (Convenience)</u>: Samsung's supporting declarations, discovery responses, and the deposition of Samsung's venue witness, ▮▮▮▮, all unequivocally establish that STF is developed by SEC engineers in Korea. ▮▮▮▮ ▮▮▮▮▮▮▮▮. There are no Samsung employees in Texas with technical knowledge relevant to this case. And contrary to Mullen's accusation, Samsung has not ignored its SEA employees in Texas, but explained that those employees (such

1

as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ identified in Samsung's initial disclosures) work in *non*-technical roles such as "sales, marketing, and commercialization for Samsung devices." Mot. at 11; Ex. 3.

Ignoring these irrefutable facts, Mullen resorts to LinkedIn pages[1] for 14 current or former Samsung employees in Texas who it contends are relevant employees working on "IoT." Opp. at 8, 11-12. But IoT is *not accused* in this case. Indeed, "IoT" or "Internet of Things" is never mentioned in Mullen's 9 infringement contention charts, spanning 658 pages. Exs. U-AC. IoT refers to a technological concept of connecting Internet-capable devices, including refrigerators, washers, dryers, dishwashers, and vacuums. ▓▓▓▓▓▓▓▓▓▓ By contrast, the accused STF app is used to locate personal devices like a smartphone. Mot. at 2; Ex. T (▓▓▓▓▓ Dep.) at 25:11-26:18, 86:5-17; ▓▓▓▓▓ Decl. ¶ 9. Similarly, Mullen's patents are not about IoT, but cell phones providing location "access rights" to each other. *E.g.*, Ex. AD ('218 Patent) at Abstract.

Mullen's note that some LinkedIn pages mention "SmartThings" is similarly unavailing. Opp. at 11. As the motion made clear, SmartThings is not STF; rather, SmartThings is a platform onto which STF can be optionally installed. Mot. at 3; SEC Decl. ¶ 9. Indeed, Mullen *admits* just a few paragraphs later in its opposition that the two are different when it argues that "Samsung's reliance on ▓▓ employees" in ▓▓▓▓▓ who work on SmartThings is "unpersuasive" because SmartThings *is not the "accused STF technology*." Opp. at 12.

The *only* SEA employee with a LinkedIn page that mentions the accused "SmartThings Find" app is ▓▓▓▓▓ Ex. 13. But as his LinkedIn page also shows, ▓▓▓▓▓ performs quality assurance testing for dozens of different apps and features on Samsung's mobile devices. *Id.*; ▓▓▓▓▓ Decl. ¶ 15. He has no involvement in the design or development of STF. *Id*. The

---

[1] Courts have rejected reliance on LinkedIn pages as "far too speculative" and worth "little to no weight" in deciding transfer. *E.g.*, *DDC Tech., LLC v. Google LLC*, No. 3:22-cv-1263, 2023 WL 2518846, at *5 (N.D. Tex. Mar. 14, 2023).

2

presence of employees in this District with "no technical knowledge of the accused functionality here, 'cannot overcome the immense inconvenience that the majority of relevant witnesses would face.'" *In re Samsung Elecs. Co.*, 2023-146, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023).

Google And Other Third Parties (Compulsory Process): Mullen relies on two misleading assertions to downplay the 11 Google witnesses in the NDCA. First, Mullen asserts Google Maps is only 1 of 3 accused apps. But Mullen's infringement contentions accuse Maps across 7 of 8 remaining patents, and the second accused app, Wear OS, was also ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Mot. at 5. Second, Mullen's assertion that it only needs Google source code, not testimony (Opp. at 9), is belied by the *deposition* subpoena it served on Google and its demand for Google deposition dates. Exs. 23, AE-AF. Moreover, Mullen ignores that Samsung expects to rely on Google testimony and evidence for its defenses. Ex. Q at 8.

As to the 7 prior art witnesses, Mullen incorrectly asserts that Samsung has not subpoenaed any of them. Opp. at 6. Samsung gave notice of its subpoena of the CEO of Cellpoint, Inc., in the NDCA regarding the Cellpoint Finder! prior art product. Ex. AO (Childs subpoena).

Mullen also makes two flawed legal arguments. First, it asserts that Samsung must show Google witnesses to be unwilling, citing *Demaray LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00636-ADA, 2021 WL 5316455 (W.D. Tex. July 29, 2021). Opp. at 8. But *Demaray*, a non-precedential decision from another district, contradicts the Federal Circuit's presumption and this Court's practice of treating third-party witnesses as unwilling, including where "declarations by [third-party] Google employees" were filed in support of the defendant's transfer motion. *E.g.*, *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513-JRG, 2018 WL 2329752, at *3, *6 (E.D. Tex. May 23, 2018); *In re HP Inc.*, 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018) ("non-party witness … is presumed to be unwilling"). Second, Mullen attempts to discount the 18 identified Google and prior art witnesses, arguing that only

3

"one or two" could testify. Opp. at 9. But the Federal Circuit has rejected this "categorical assumption that defendants are likely to call few if any of the proposed party witnesses or prior-art witnesses." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021) (citing cases).

Moreover, venue discovery uncovered that Mullen has engaged in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. These third parties are relevant to damages and subject to the NDCA's subpoena power.

### B.   Access To Sources Of Proof Favors Transfer.

The *only* category of documents that Mullen identifies in this District are SEA's damages-related marketing and sales documents. Opp. at 4-5. While Mullen speculates that ▮▮▮▮ keep testing documents relating to STF in this District (*id.* at 5), it offers no evidence that such STF testing documents exist, and it chose not to depose ▮▮▮▮ to support its speculation.

And again, Mullen errs in minimizing Google and other third parties. Documents with respect to Google Maps and Wear OS were created and maintained by Google employees in the NDCA. The NDCA is also the source of (1) prior art documents and (2) licensing documents from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

This case is analogous to *In re Google* in which the Federal Circuit transferred cases against Samsung, Google, and Waze from this District to the NDCA, given the importance of Google engineers and prior artists there. 2022-140, 2022 WL 1613192, at *3 (Fed. Cir. May 23, 2022). To distinguish *In re Google*, Mullen argues that here, Samsung's own software (STF) is also at issue and SEA has offices and witnesses in this District. Opp. at 7. But the same was true in *In re Google*. In fact, the accused apps were similar: Google Maps and STF's predecessor, Samsung's Find My Mobile. Liang Decl. ¶ 6. And SEA had the same offices in Plano, with the same SEA

finance witness (███████ and another SEA marketing witness in Plano.  *Id*. ¶ 7-8, Exs. P-Q.

Mullen's cited cases, *Cardware Inc. v. Samsung Elecs. Co.* and *Jawbone Innovations, LLC v. Samsung Elecs. Co.*, are both inapposite as the accused apps in those cases were developed by Samsung in Korea.  No. 2:22-cv-0141-JRG-RSP, 2023 WL 2871052, at *1-*2 (E.D. Tex. Apr. 8, 2023); No. 2:21-cv-00186-JRG-RSP, 2022 WL 4004195, at *1, *3 (E.D. Tex. Aug. 31, 2022). Here, with Google functionality developed in the NDCA and multiple NDCA-based sources of prior art and licensing records, access to sources of proof clearly favors transfer.

### C. The Remaining Disputed Factors Are Neutral Or Favor Transfer.

The stage of the case remains early, with the *Markman* hearing and fact discovery cutoff both more than six months away.  Local interest favors transfer because the "accused functionality was in part researched, designed, and developed in NDCA" by Google, whereas the transferor forum had "no comparable connection to this case."  *In re Samsung*, 2023 WL 8642711, at *2.

### D. Samsung's 30(b)(6) Venue Witness, ███████████ Was Prepared.

Mullen's complaint about ██████████ deposition preparation is a baseless distraction. Based on ████████ at Samsung, █████████ knew that there are no Samsung employees in Texas who work on STF, as the app is developed in Korea. ████████████████████ ████████ confirmed his understanding ███████████████████████ ██████████████████████████████████████████████ Mullen implies that M█████████ should have also spoken to the 14 individuals who it arbitrarily selected from LinkedIn.  Opp. at 14-15.  But ████████ had no reason to speak to them because he knew that they were not part of the STF team. ████████████ If Mullen were genuinely interested in those 14 individuals, it could have identified them in its 30(b)(6) topics or deposed them.  Instead, it chose to wait until its opposition to speculate about their supposed relevance. Mullen's disingenuous complaint should be disregarded in deciding transfer.

5

DATED: December 3, 2024                                   Respectfully submitted,

*/s/ Melissa R. Smith*
Darin W. Snyder
dsnyder@omm.com
Luann Simmons
lsimmons@omm.com
Mark Liang (pro hac vice)
mliang@omm.com
Bill Trac
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Xin-Yi Zhou (Tex. #24127916)
vzhou@omm.com
Stacy Yae (pro hac vice)
syae@omm.com
Paige Hardy (pro hac vice)
phardy@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

Marc Pensabene (pro hac vice)
mpensabene@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
Telephone: (212) 326-2000

Cason G. Cole (Tex. #24109741)
ccole@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900

Kyla Butler (pro hac vice)
kbutler@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006

6

Telephone: (202) 383-5300

G. Blake Thompson (Tex. #24042033)
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 657-8540

Melissa Smith (Tex. # 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

Dated:  December 3, 2024  　　　　　　　　　　　　　*/s/ Melissa R. Smith*  
　　　　　　　　　　　　　　　　　　　　　　　　　Melissa R. Smith

8