**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**



MULLEN INDUSTRIES LLC,   §
                        §
         *Plaintiff*,    §
                        §       No. 2:24-cv-00049-JRG
    v.                  §
                        §
SAMSUNG ELECTRONICS CO., LTD., and   §   **JURY TRIAL DEMANDED**
SAMSUNG ELECTRONICS AMERICA,   §
INC.,                   §
                        §
         *Defendants*.  §

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG
ELECTRONICS AMERICA, INC.'S PARTIAL RULE 12(b)(6)
MOTION TO DISMISS PLAINTIFF MULLEN INDUSTRIES LLC'S
<u>SECOND AMENDED COMPLAINT (DKT. 54)</u>**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND .................................................................................. 2

III.    STATEMENT OF THE ISSUES PRESENTED .................................................... 4

IV.     LEGAL STANDARDS ......................................................................................... 5

V.      ARGUMENT ........................................................................................................ 5

        A.      Mullen Fails to Plausibly Allege Infringement of the '283 and '575 Patents ................................................................................................. 5

                1.      Mullen Fails to Plausibly Allege That Samsung Practices or Controls All User Steps Claimed by the '283 and '575 Patents ................ 5

                2.      Mullen Fails to Plausibly Allege That Samsung Practices or Controls All Server Steps Claimed by the '283 and '575 Patents ............. 8

        B.      Mullen Fails to Plausibly Allege Induced Infringement of the '039 and '024 Patents Based on Google Maps Servers ....................................... 11

                1.      Mullen Fails to Plausibly Allege Direct Infringement by Google Maps Users ................................................................................. 11

                2.      Mullen Fails to Plausibly Allege Knowledge by Samsung of Direct Infringement Based on Use of Google Maps Servers .............................. 14

VI.     CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

<u>**CASES**</u>

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) ...................................................................... 5, 8, 10

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) .............................................................................. 13

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ............ 12

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) .................. 5, 15

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) .............................................................................. 14

*epicRealm, Licensing, LLC v. Autoflex Leasing, Inc.*,
    492 F. Supp. 2d 608 (E.D. Tex. 2007) ............................................ 12, 13, 14, 15

*Grecia v. McDonald's Corp.*,
    724 F. App'x 942 (Fed. Cir. 2018) ....................................................................... 13

*Lone Star Tech. Innovations, LLC v. ASUSTeK Comput. Inc.*,
    No. 6:19-CV-00059-RWS, 2020 WL 6803249 (E.D. Tex. Jan. 14, 2020)............................ 11

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016).............................................................................. 11

*Rearden LLC v. Walt Disney Co.*,
    No. 17-CV-04006-JST, 2018 WL 3031885 (N.D. Cal. June 18, 2018) ................................ 14

## I.    <u>INTRODUCTION</u>

After three attempts, Plaintiff Mullen Industries LLC ("Mullen") still fails to plead plausible claims of direct infringement for two of the eight remaining patents-in-suit.  And for two other patents, Mullen resorts to an induced infringement theory for Google Maps that also fails.

The Court previously dismissed Mullen's claims for U.S. 9,635,540 ("'540 Patent"), 9,204,283 ("'283 Patent"), and 8,374,575 ("'575 Patent") for failing to plausibly allege divided infringement.  Dkt. 52.  For the '283 and '575 Patents, the Court already found that these patents "require multiple actors—a fact that Plaintiff does not seem to dispute."  *Id*. at 8-9.

Mullen's Second Amended Complaint ("SAC," Dkt. 54) drops the '540 Patent but persists with its flawed allegations with respect to the '283 and '575 Patents, where Mullen accuses devices running Samsung-developed applications.   Mullen concocts a theory that Samsung directly infringes the claimed methods during product testing and when generating screenshots for marketing.  Mullen's allegations have two fatal flaws.  First, Mullen's factual allegations cannot support a reasonable inference that Samsung practiced the specific user steps claimed by the '283 and '575 Patents.  To the contrary, the screenshots cited in the SAC demonstrate that Samsung does not use the claimed processes.  Second, Mullen's infringement theories still rely on actions by a third party—Google—to perform certain server steps.  Thus, the SAC still "fails to state a claim for divided infringement" in the same way as its original complaint.  Dkt. 52 at 9.

Compounding matters, Mullen now relies solely on a flawed induced infringement theory for its allegations against Google Maps for two other patents, U.S. 11,246,024 ("'024 Patent") and 11,096,039 ("'039 Patent"), which recite system claims directed to a "remote system."  The SAC alleges that Samsung induces *users* to directly infringe based on their alleged use of a third-party application, Google Maps, and the servers that support that application.  The SAC's induced infringement theory fails for two independent reasons.  First, there is no underlying act of direct

infringement by users because users do not own or control any part of the accused "remote system," i.e., Google Maps servers.  Second, Samsung cannot possibly possess the knowledge required for inducement because the accused Google Maps servers belongs to Google, not Samsung.  The SAC does not allege—nor could it—that Samsung knows how those accused servers operate and, thus, whether they could infringe.

Mullen has failed ***three times*** to meet the *Twombly* pleading standard.  The Court should not give Mullen a fourth chance.  Mullen's claims of direct infringement for the '283 and '575 Patents based on Samsung applications and its claims of induced infringement of the '039 and '024 Patents based on Google Maps should be dismissed with prejudice.

## II.    <u>FACTUAL BACKGROUND</u>

On January 26, 2024, Mullen filed its original complaint asserting nine patents, including the '540, '283, '575, '039, and '024 Patents.  Dkt. 1.  The complaint asserted infringement of the '540 Patent based on use of the Google Maps application on Samsung devices, and the '283 and '575 Patents based on the Samsung SmartThings Find ("STF") application.  On May 22, 2024, Samsung moved to dismiss the complaint with respect to the '540, '283, and '575 Patents because Mullen failed to plead plausible divided infringement claims for these patents.  Dkt. 13.

On November 21, 2024, the Court granted Samsung's motion.  Dkt. 52.  The Court found that "Plaintiff fail[ed] to state a claim for divided infringement under the *Akamai* 'conditioned benefit' test for direction and control."  *Id*. at 9 (citations omitted).  In response, Mullen filed a First Amended Complaint ("FAC"), which withdrew all infringement claims based on the '540 Patent but maintained its assertion of the other patents.  Dkt. 53.  After Samsung identified further deficiencies in Mullen's FAC, Mullen then filed a SAC asserting the same eight patents.

In the SAC, Mullen withdraws its claims of indirect infringement for the '283 and '575 Patents and accuses Samsung of directly infringing these two patents through testing and

marketing of two Samsung applications.  SAC ¶¶ 161-178, 179-196.  As explained in Samsung's first motion to dismiss, these two patents require interactions between servers and multiple users, with some steps performed by users and other steps performed by servers.  Dkt. 13 at 3-6.

The '283 Patent relates to an interaction between (1) a user of a "device" who requests the location of another user's device, and (2) a "server" that transmits location information to the device.  *See* Dkt. 13 at 3-5 (explaining and reproducing claims 1, 8, and 15).  The SAC asserts 9 claims of the '283 Patent, including independent claims 1, 8, and 15, against STF and another Samsung application called Samsung Find.  SAC ¶ 165.  Claim 1 recites a method with some steps performed by a "first wireless telephonic device" (e.g., "displaying on a first wireless telephonic device a plurality of users …" and "receiving on said first wireless telephonic device a first manual input …") and other steps performed by a server (e.g., "transmitting said location information from a server to said first wireless telephonic device").  '283 Patent, cl. 1.  Similarly, each of claims 8 and 15 requires some steps performed by "a wireless device" and others performed by "a server," including the transmission of "location information."  *Id*., cls. 8 & 15.

The '575 Patent relates to an interaction between (1) a user of a "first wireless telephone" that transmits its location information to another user through a server, and (2) a "remote server" that provides "directional information" to the user.  *See* Dkt. 13 at 5-6 (explaining and reproducing claims 1, 13, 30, and 38).  The SAC asserts 20 claims of the '575 Patent against only STF, including independent claims 1, 13, 30, and 38.  SAC ¶ 183.  Claim 1 recites a method with some steps performed by "a first wireless telephone" (e.g., "transmitting said location from said first wireless telephone to a remote server" and "changing, at the direction of said first wireless telephone, a list of users on said remote server … wherein each user of said list of users is representative of one of a plurality of wireless telephones") and other steps performed by a "remote server" (e.g., "providing directional information to said one of said plurality of wireless telephones").  '575

3

Patent, cl. 1. Likewise, each of claims 13, 30, and 38 requires some steps performed by a "wireless telephone" and other steps performed by "a server," including "providing directional information …" to a wireless telephone. *Id*., cls. 13, 30 & 38.

For the '039 and '024 Patents, the SAC alleges both direct and indirect infringement with respect to Samsung applications. But the SAC relies ***only*** on an induced infringement theory with respect to Google Maps, alleging that "Samsung has and continues to instruct end users how to open and use Google Maps ... which ***induces end users to use a Google Maps remote system*** in a manner that infringes." SAC ¶¶ 155, 217 (emphasis added).

Each of the asserted claims of the '039 and '024 Patents are system claims that are directed to a "remote system." The sole asserted independent claim of the '039 Patent recites "[a] ***system comprising: a remote system***," where the "remote system" performs several functions, including: identifying "user information by receiving" a "login" and associated "password"; recording "a location of" a "first wireless device"; and providing at least "three types of location-based events" to another "device." '039 Patent, cl. 1 (emphasis added). The three asserted independent claims of the '024 Patent are similarly directed to "a remote system comprising a server." '024 Patent, cls. 1, 24, 45. For example, Claim 24 recites "[a] ***system comprising: a remote system comprising a server***," where the "server" performs several functions, including "receiving … a selection of" another user; receiving "a login and a password"; "determining to allow access of location information" for other devices and "location access rights" have been assigned; and transmitting "location information" over a network. '024 Patent, cl. 24 (emphasis added).

## III.    STATEMENT OF THE ISSUES PRESENTED

Whether, under Rule 12(b)(6), the Court should dismiss with prejudice: (1) Mullen's claims for direct infringement of the '283 and '575 Patents, and (2) Mullen's claims for induced infringement of the '039 and '024 Patents based on Samsung inducing users to use Google Maps.

## IV.    LEGAL STANDARDS

To allege infringement of a method claim, the plaintiff must plausibly allege that each step of the method is performed by or attributable to a single entity.  Dkt. 52 at 3 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1022 (Fed. Cir. 2015)).  To state a claim for induced infringement, "the complaint must contain sufficient facts alleging a direct infringer, and establish a plausible inference that [the defendant] specifically intended a third party to commit acts that it knew constituted infringement."  *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015).

## V.    ARGUMENT

### A.    Mullen Fails to Plausibly Allege Infringement of the '283 and '575 Patents

The Court already found that "[b]oth the '283 and '575 Patents require multiple actors—a fact that Plaintiff does not seem to dispute."  Dkt. 52 at 8-9.  To avoid divided infringement, Mullen amended its claims for these patents by asserting only direct infringement in two situations: (1) Samsung's testing of its applications, and (2) Samsung using the accused products to create marketing screenshots.  SAC ¶¶ 161-178, 179-196.  But Mullen's conclusory allegations are insufficient to support a reasonable inference that Samsung practiced each user step of the asserted claims, and the SAC confirms that several server steps are performed by third party Google.

#### 1.    Mullen Fails to Plausibly Allege That Samsung Practices or Controls All User Steps Claimed by the '283 and '575 Patents

The SAC's boilerplate allegations cannot support a reasonable inference that Samsung performs the user steps of the '283 and '575 Patents through its internal product testing or usage.

*First*, Mullen's allegation that "a team of 20 Samsung engineers" performs product testing in the U.S. cannot support a reasonable inference that any engineer tested the specific usage scenarios claimed by the '283 and '575 Patents.  *See* SAC ¶¶ 167, 185.  As an initial matter, Mullen

5

alleges that this team tests the STF application, but the SAC makes no similar allegation regarding the second Samsung application accused of infringement—Samsung Find. *Compare id.* ¶ 167 (alleging testing of STF), *with* ¶¶ 171-173 (alleging infringement by STF and Samsung Find). Thus, there is no factual allegation to support Samsung's testing or use of Samsung Find.

For STF, Mullen's infringement theories require more than mere usage of the software; they require a specific way of using the software to interact with multiple other users or devices. For example, claim 1 of the '283 Patent requires "displaying on a first wireless telephonic device ***a plurality of users***, wherein each ... is associated to a different one of a plurality of wireless telephonic devices." '283 Patent, cl. 1 (emphasis added); *see also id.*, cl. 8 (reciting "displaying … a first name … and a second name"), cl. 15 (reciting "a list representative of a plurality of wireless devices"). An engineer testing software compatibility on a single device would not infringe. The SAC does not plausibly allege that Samsung tests STF between multiple users or telephones using the specific processes required by the claims. SAC ¶¶ 167, 185.

Similarly, claim 1 of the '575 Patent requires transmitting location information from "a first wireless telephone" to the telephone of a different user (i.e., "one of said users of said list of users") and "providing directional information" between two locations. '575 Patent, cl. 1; *see also id.*, cls. 30 & 38 (requiring transmission of "location" or "alert message" to different users and "providing directional information"). The SAC is devoid of any factual allegations that Samsung tests these specific usage scenarios. *See* SAC ¶¶ 167, 185.

Since all asserted claims of the '283 and '575 Patents are method claims, it is insufficient for Mullen to simply allege that Samsung tests the accused software; the complaint must allege facts supporting an inference that Samsung "test[s] the allegedly infringing processes." Dkt. 52 at 10. Other than generic, boilerplate allegations of infringement, the SAC's only new factual allegation relating to testing is that Samsung employs "a team of 20 Samsung engineers" in the

6

U.S. that tests, among dozens of other software and products, STF.  SAC ¶¶ 167, 185; Dkt. 54-6 at 1.[1]  But the SAC also confirms that STF has a wide range of uses—it can help users track their "earbuds," "SmartTags," and other devices that have nothing to do with the processes claimed by the '283 and '575 Patents.  SAC ¶¶ 168, 186 (showing STF's features).  And the SAC describes Samsung as a "large technology company" based in Korea.  *Id.* ¶¶ 12, 14, 16, 20.  The factual allegations stated in the SAC—that Samsung Electronics America, Inc. has a small team of test engineers in the U.S. and that STF has a wide range of uses—do not support a reasonable inference that Samsung tests all usage scenarios of its software in the U.S.  Thus, Mullen's allegation that Samsung tests STF in the U.S. does not support a reasonable inference that Samsung's U.S. engineers test the specific usage scenarios Mullen claims to be infringing.[2]

*Second*, Mullen's allegations that "Samsung personnel have executed" the processes claimed by the '283 and '575 Patents "for marketing purposes and/or in order to generate Samsung marketing materials" are similarly insufficient.  SAC ¶¶ 168-169, 186.  None of the marketing materials cited in the SAC show Samsung practicing any asserted claim.  To the contrary, the SAC's screenshots confirm that Samsung *did not* use the claimed processes.  For example, the screenshot in Paragraph 169 of the SAC—cited in support of Mullen's claim for the '283 Patent— shows a device interacting with one other device with the user name "Child Park."  In contrast, the asserted claims of the '283 Patent require a device interacting with multiple other devices, including "displaying … *a plurality of users*," "displaying … a *first name* … and a *second name*," and selecting from "a list representative of *a plurality of wireless devices*."  *See* '283 Patent, cls. 1,

---

[1] Mullen is well aware that the "Samsung Engineering Manager" referenced in the SAC—Kyle Hood—and his team are not involved in the design and development of any accused application; they conduct general quality assurance tests for dozens of applications and features on Samsung products.  *See* Dkt. 54-6 at 1; Dkt. 55-1, ¶ 15.

[2] The SAC continues to cite a third-party article about alleged testing (SAC ¶ 165 n.60, ¶ 183 n.68), but the Court has already dismissed the article as insufficient.  *See* Dkt. 52 at 10.

8 & 15 (emphasis added).  Thus, whoever generated the screenshot in Paragraph 169 was interacting with a single device and therefore was not practicing the asserted claims of the '283 Patent.  Similarly, none of the screenshots excerpted in Paragraphs 168 and 186 of the SAC show interactions between multiple users; thus, they do not show Samsung practicing the claim steps required by the '283 and '575 Patents.  Mullen's allegation that Samsung "generate[s] Samsung marketing materials"—even if accepted as true—cannot support a reasonable inference that such marketing materials were generated by using the claimed processes.  SAC ¶¶ 169, 186.

As with its original complaint, Mullen's amended allegations fail to support a reasonable inference "that Defendants [] have tested the accused process or otherwise executed the allegedly infringing method" during Samsung's testing and usage.  *See* Dkt. 52 at 10.  Thus, the Court should dismiss Mullen's claims of infringement for the '283 and '575 Patents.

### 2.    Mullen Fails to Plausibly Allege That Samsung Practices or Controls All Server Steps Claimed by the '283 and '575 Patents

Not only does the SAC fail to plausibly allege that Samsung performs the claimed user steps during its testing and usage, it also fails to show that Samsung performs or controls the server steps claimed by the '283 and '575 Patents.  Under *Akamai*, a method claim is infringed only if a single entity performs or controls the performance of every step of a claim.  797 F.3d at 1022.  Mullen's new infringement theories—whether testing or usage—all require server actions performed by third party Google.  Because Mullen fails to plead Samsung's practice or control of steps performed by Google, Mullen's amended infringement claims for the '283 and '575 Patents should be dismissed for the same reason stated in the Court's prior order.  *See* Dkt. 52 at 6, 8-9.

Mullen's infringement theory for the '575 Patent involves actions performed by Google's servers.  Each asserted claim of the '575 Patent requires the step of "providing directional information" to a "wireless telephone."  '575 Patent, cls. 1, 13, 30 & 38.  The SAC alleges that

this step is met by using "*Google* Maps Navigation" to obtain navigation directions, even when a user is otherwise using a Samsung application such as STF:

> •  **Navigate:** Open Google Maps Navigation to generate the fastest route to your device. This option may not be available if the device cannot be located. You may need to tap **More**, and then tap **Navigate**.

SAC ¶ 186 (highlight added).  To support Mullen's infringement claims, the SAC includes screenshots of a device receiving navigation directions from *Google's* servers:




*Id.* ¶ 193 (annotated).  These screenshots confirm that the navigation directions came from Google's servers, as indicated by the "Google" logo in the left screenshot and the familiar Google Maps navigation interface in the right screenshot.  *See id.*  The SAC does not allege—nor could it—that Samsung's servers provided these navigation directions to the wireless telephone.

Similarly, Mullen's infringement theory for the '283 Patent involves actions by Google. Each asserted claim of the '283 Patent requires a server "transmitting[/providing] … location information" to a "wireless [telephonic] device."  '283 Patent, cls. 1, 8 & 15.  The SAC alleges that a user using Samsung applications, including STF and Samsung Find, performs these steps by receiving location information from *Google's* servers:

 

SAC ¶¶ 168, 171 (annotated and excerpted). These screenshots confirm that the location information is transmitted from Google's servers, as indicated by the "Google" logo in each screenshot. *Id*. The SAC does not allege that Samsung's servers transmitted these locations. *Id.*

In granting Samsung's first motion to dismiss, the Court held that Mullen did not "plausibly plead a claim for divided infringement" between Samsung and Google (for the '540 Patent) or between phone users and server operators (for the '283 and '575 Patents). Dkt. 52 at 6, 8-9. Despite relying on actions by Google's servers for multiple claim steps, the SAC's sections on the '283 and '575 Patents are completely silent on Samsung's relationship with Google. *See* SAC ¶¶ 161-196. Like the original complaint, the SAC does not allege joint infringement between the alleged users (Samsung's testing and marketing teams) and the server operator (Google). *See* Dkt. 52 at 8-9. And like the original complaint, the SAC alleges neither Samsung's "direction or control" over Google nor a "joint enterprise" between the companies. *See id*. at 6. Nor does the SAC allege "that Samsung and Google each have 'an equal right to a voice in the direction of the enterprise, which gives an equal right of control.'" *See id.* (citing *Akamai*, 797 F.3d at 1022).[3]

The SAC falls short of meeting the pleading standard for divided infringement for the same

---

[3] The SAC alleges that Samsung operates "remote system software" on servers own by Amazon Web Services ("AWS"). SAC ¶ 165 n.61, ¶ 183 n.69. But the SAC does not identify which server steps are allegedly performed by Amazon, nor does it allege that these Amazon servers are used by Google, and nor does it allege the elements required to show divided infringement among Samsung, Google, and Amazon. *See id.*

reasons explained in Samsung's first motion to dismiss.  *See* Dkt. 13 at 10-11; *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016); *Lone Star Tech. Innovations, LLC v. ASUSTeK Comput. Inc.*, No. 6:19-CV-00059-RWS, 2020 WL 6803249, at *7 (E.D. Tex. Jan. 14, 2020).  Mullen's repeated failures to plead a plausible theory of infringement demonstrate that it is unable to do so.  Thus, the Court should dismiss with prejudice Mullen's claims based on the '283 and '575 Patents.

### B.    Mullen Fails to Plausibly Allege Induced Infringement of the '039 and '024 Patents Based on Google Maps Servers

The '039 and '024 Patents are system claims, each directed to a "remote system."  SAC ¶¶ 138, 199.  For Google Maps, Mullen alleges that the "remote system" is met by Google's servers supporting Google Maps, specifically asserting that Samsung "induces end users to use a Google Maps remote system." *Id*. ¶¶ 155, 217.  Mullen's assertion that Samsung induces infringement of the '039 and '024 Patents based on such Google Maps servers must fail because Mullen does not and cannot plead (1) an underlying act of direct infringement based on users' usage of Google Maps servers, or (2) that Samsung knows whether or not a Google Maps server infringes.

### 1.    Mullen Fails to Plausibly Allege Direct Infringement by Google Maps Users

The SAC fails to state a claim for induced infringement because it does not allege any underlying act of direct infringement with respect to Google Maps that could have been induced by Samsung, and any such allegation would be futile.

First, the SAC fails to meet the basic requirement of alleging an underlying act of direct infringement *by users*, who are the parties that Samsung has allegedly induced.  The SAC refers only to Samsung's inducement of users to use the Google Maps application, asserting that "Samsung has and continues to instruct end users how to open and use Google Maps."  SAC ¶¶ 155, 217.  But the SAC has provides no explanation of how Google Maps could directly infringe; instead, the SAC addresses only how the accused Samsung applications directly infringe.

*Id.* ¶¶ 138-151, 199-213.  For example, the SAC offers no explanation of how inducing an end user to use the Google Maps app would satisfy any, let alone all, of the functions required of the "remote system" recited in the '039 and '024 Patents' claims.  While a user may use the accused Google Maps application, the SAC fails to plead how such use by a single user causes use of the accused Google Maps remote servers to perform the discrete functions that the '039 and '024 Patents' claims attribute to the "remote system."  E.g., '039 Patent, cl. 1 (reciting that the "remote system" identifies a "user information" by login/password, records the "location" of a "first wireless device," and provides to another "device" "three types of location-based events"); '024 Patent, cl. 24 (reciting that the "remote system" includes a "server" that receives from "a first wireless telephone" user selections and login/password, determines for another "one of said plurality of wireless telephones" whether to allow or assign access rights, and transmits location data).  Given Mullen's failure to plead "how some other party, such as a customer, directly infringes at the behest of [defendant]" with respect to Google Maps, Mullen fails to plead facts necessary for inducement.  *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *4 (E.D. Tex. Dec. 11, 2018).

Second, Mullen cannot plausibly plead an underlying act of direct infringement done at Samsung's behest.  The SAC asserts that Samsung "induces end users to ***use a Google Maps remote system***."  SAC ¶¶ 155, 217 (emphasis added).  But as a matter of law, a user cannot infringe by "using" the accused Google Maps remote servers because those servers and their functions are controlled by Google—not by users.  As this District held on comparable facts in *epicRealm, Licensing, LLC v. Autoflex Leasing, Inc.*, where a patent claims an "apparatus for managing dynamic web page generation requests," "web site visitors are not users of the patented system." 492 F. Supp. 2d 608, 615 (E.D. Tex. 2007).  As the court explained, "[v]isitors are not allowed to control the manner in which the web site manages a request or generates a response"; instead,

12

"control is exercised by [the server operator], not visitors to [defendant's] web site." *Id.* Absent such control, such visitors were not "users" of the accused web server, and thus "[defendant] cannot be liable for inducing infringement by its web site visitors." *Id.* Likewise here, there is no allegation (nor could Mullen plausibly make such an allegation) that users control Google Maps servers, particularly to perform the many functions that the patents' claims require of the "remote system," such as providing "location-based events" or managing location access rights.

To the extent Mullen intends to rely on *Centillion Data Systems, LLC v. Qwest Communications International, Inc.* to argue that a user can "use" a Google Maps server by "control[ling] the system and obtain[ing] benefit from it," 631 F.3d 1279, 1284 (Fed. Cir. 2011), the SAC fails to plead the elements of the *Centillion* test, and any attempt to do so would be futile. *Centillion* is a case about divided infringement of a system claim involving multiple actors, where "the claimed system 'include[d] elements in the possession of more than one actor'" and the alleged direct infringer possesses some of those elements—not where, as here, the alleged direct infringer is not in possession of any of the claimed elements. *Grecia v. McDonald's Corp.*, 724 F. App'x 942, 946 (Fed. Cir. 2018). The Federal Circuit thus rejected extending *Centillion* and direct infringement liability to a "user" of a system that possesses no part of that system. *See id.* at 944, 946 (finding that *Centillion* did not apply to the plaintiff's claim that McDonald's "uses the [claimed invention] each time that McDonald's puts the Visa tokenization system into service," i.e., "every time it accepted Visa cards as payment," because McDonald's was not "in the possession of any of the six modules claimed" in the asserted claims).

Here, Mullen alleges that the infringing "remote system[s]" are Google Maps servers. SAC ¶¶ 155, 217. Mullen does not and cannot plead that users possess any part of the accused Google Maps servers. The accused servers are in Google's possession and are thus in Google's control, not the users' control. Because users do not possess or control the accused Google Maps servers,

Mullen's underlying claim of direct infringement by users must fail. *epicRealm*, 492 F. Supp. 2d at 615; *see also Rearden LLC v. Walt Disney Co.*, No. 17-CV-04006-JST, 2018 WL 3031885, at *6 (N.D. Cal. June 18, 2018) (dismissing with prejudice claims of direct infringement because, under *Grecia*, plaintiff's allegations "fail to show that [defendant] was in possession of any of the elements of the [accused] system").

Because the SAC does not and cannot allege any underlying act of direct infringement by users of Google Maps, the claim that Samsung induced such users' infringement must also fail.

### 2.    Mullen Fails to Plausibly Allege Knowledge by Samsung of Direct Infringement Based on Use of Google Maps Servers

The SAC also fails to state a claim for induced infringement because it has not alleged—and cannot plausibly allege—that Samsung has knowledge that end users' actions directly infringe the '024 and '039 Patents' claims.  Again, those claims are all system claims directed to a "remote system" with a "server" performing many specific functions relating to receiving user selections and login/password information, managing access rights for various devices, and recording and sharing location data. *See* Section II, *supra*; *e.g.*, '024 Patent, cl. 24; '039 Patent, cl. 1.  As alleged by the SAC, in the context of Google Maps, the accused "remote system" or "server" is a "Google Maps remote system" that belongs to Google, not Samsung.

Given these facts, the SAC does not allege—nor can it—that Samsung has any knowledge as to how the use of third-party Google Maps servers could infringe the '039 and '024 Patents' claims, because Samsung does not have knowledge about how Google's servers work.  Knowledge of infringement requires that the "alleged infringer must be shown ... to have knowingly induced infringement … not merely knowingly induced the acts that constitute direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (internal quotations omitted).  Thus, Mullen's claims for induced infringement must be dismissed where the facts alleged fail to

14

"establish a plausible inference that [defendant] had ... knowledge that [its customer's] actions amounted to infringement." *Core Wireless*, 2015 WL 4910427, at *4. Here, the SAC merely alleges that Samsung instructs users on how to use Google Maps, "which induces end users to use a Google Maps remote system in a manner that infringes the ['039 / '024 Patent[s]." SAC ¶¶ 155-56, 217-18. The SAC does not allege that Samsung knows the specific way that Google Maps servers operate and whether their operation could satisfy each and every one of the functions that the '039 and '024 Patents' claims attribute to the "remote system," such as identifying "user information" by login/password, recording location after such identification, managing "access rights," and providing location information and various "types of location-based events."

Moreover, any attempt by Mullen to plead knowledge of infringement would be futile. In *epicRealm*, the court granted summary judgment that the defendant could not be liable for induced infringement based on the operation of a web server run by a third party, as the defendant "would not have known exactly what software was used, let alone how [the third party]'s web servers were actually configured." 492 F. Supp. 2d at 632. "Where the alleged inducer lacks knowledge about some of the infringing acts, there can be no liability for active inducement." *Id*. at 635. Likewise here, the accused "remote system" and "server" are Google servers—not a system designed, developed, or operated by Samsung. Mullen does not and cannot plausibly plead that Samsung has access to Google's proprietary source code for Google Maps servers or information regarding how those servers operate for purposes of infringement. Without such access, Samsung cannot possibly possess the knowledge necessary to support a claim of induced infringement.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Samsung respectfully requests that the Court dismiss with prejudice Mullen's claims for (1) infringement of the '283 and '575 Patents, and (2) induced infringement of the '039 and '024 Patents based on Samsung device users' use of Google Maps.

DATED: December 20, 2024

*/s/ Melissa R. Smith*
Darin W. Snyder
dsnyder@omm.com
Luann L. Simmons
lsimmons@omm.com
Mark Liang (pro hac vice)
mliang@omm.com
Bill Trac
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Xin-Yi Zhou (Tex. #24127916)
vzhou@omm.com
Stacy Yae (pro hac vice)
syae@omm.com
Paige Hardy (pro hac vice)
phardy@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

Marc Pensabene (pro hac vice)
mpensabene@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
Telephone: (212) 326-2000

Cason G. Cole (Tex. #24109741)
ccole@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900

Kyla Butler (pro hac vice)
kbutler@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

G. Blake Thompson (Tex. #24042033)
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 657-8540

Melissa R. Smith (Tex. # 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450

***Attorneys for Defendants Samsung
Electronics Co., Ltd., and Samsung
Electronics America, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 20, 2024.

<i>/s/ Melissa R. Smith</i><br>Melissa R. Smith