# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| MULLEN INDUSTRIES LLC, | Case No. 2:24-cv-00049-JRG |
| *Plaintiff,* | |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants.* | |

## PLAINTIFF MULLEN INDUSTRIES LLC'S
## <u>REPLY CLAIM CONSTRUCTION BRIEF[1]</u>

---

[1] This brief is within the 13-page limit ordered by the Court. Dkt. 92. In addition, pursuant to Plaintiff's preliminary pretrial election of asserted claims (*see* Dkt. 85 at 5), '117 Patent, Claim 73 is not elected and thus is not addressed herein.

## <u>TABLE OF CONTENTS</u>

Page

Page

I.    DISPUTED CLAIM TERMS ............................................................................................. 1

    A.    Samsung's Proposed Order of Steps for the Method Claims is Wrong ................. 1

        1.    '283, Claim 1 ............................................................................................. 1

        2.    '575, Claim 30 .......................................................................................... 2

    B.    Samsung's Argument Regarding Apparatus Claim "Steps" That Allegedly Must Be Performed In Order is Wrong .................................................................. 2

        1.    '117, Claim 1 ............................................................................................. 2

        2.    '117, Claim 15 ........................................................................................... 4

        3.    '117, Claim 29 ........................................................................................... 6

        4.    '117, Claim 42 ........................................................................................... 6

        5.    '024, Claim 1 ............................................................................................. 7

        6.    '024, Claim 24 ........................................................................................... 8

        7.    '024, Claim 45 ........................................................................................... 8

    C.    "list of users" ('117, Claim 1; '024, Claim 1; '575, Claim 30) .......................... 9

    D.    "region-based" ('117, Claim 29; '039, Claim 1) .................................................. 9

    E.    "distance-based" ('117, Claim 29; '039, Claim 1)............................................... 10

    F.    "location information" ('283, Claim 1) ............................................................... 10

    G.    "directional information" ('575, Claim 30) ..........................................................11

    H.    "said wireless telephonic device" is not indefinite ('218, Claim 11)................... 12

    I.    "said device includes motion sensing operable to distinguish between a plurality of different types of motion" is not indefinite ('633, Claim 1) .............. 13

II.    CONCLUSION............................................................................................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3M Innovative Props. Co. v. Avery Dennison Corp.*,
   350 F.3d 1365 (Fed. Cir. 2003)....................................................................................................5

*Altiris, Inc. v. Symantec Corp.*,
   318 F.3d 1363 (Fed. Cir. 2003)..............................................................................................1, 7

*Ancora Techs., v. LG Elecs. Inc.*,
   2020 WL 4825716 (W.D. Tex. Aug. 19, 2020)......................................................................5, 6

*Bushnell Hawthorne, LLC v. Cisco Sys.*,
   813 F. App'x 522 (Fed. Cir. 2020)...........................................................................................12

*Convolve, Inc. v. Compaq Comput. Corp.*,
   812 F.3d 1313 (Fed. Cir. 2016)..........................................................................................3, 8, 9

*Datatreasury Corp. v. Wells Fargo & Co.*,
   No. 2:05-CV-291, 2009 U.S. Dist. LEXIS 133483 (E.D. Tex. May 11, 2009).........................1

*Energizer Holdings, Inc. v. Int'l Trade Comm'n*,
   435 F.3d 1366 (Fed. Cir. 2006).................................................................................................12

*Hytera Commc'ns Co. v. Motorola Sols., Inc.*,
   841 F. App'x 210 (Fed. Cir. 2021) .......................................................................................2, 3

*Kara Tech. Inc. v. Stamps.com Inc.*,
   582 F.3d 1341 (Fed. Cir. 2009)............................................................................................9, 11

*Mantech Env't Corp. v. Hudson Env't Servs., Inc.*,
   152 F.3d 1368 (Fed. Cir. 1998)...................................................................................................6

*Medtronic, Inc. v. Teleflex Life Scis. Ltd.*,
   2024 WL 1208642 (Fed. Cir. Mar. 21, 2024)............................................................................6

*Nautilus, Inc. v. Biosig Instr., Inc.*,
   572 U.S. 898 (2014)...................................................................................................................12

*Nobel Biocare Servs. AG v. Instradent USA, Inc.*,
   903 F.3d 1365 (Fed. Cir. 2018)...................................................................................................2

*Oak Tech., Inc. v. ITC*,
   248 F.3d 1316 (Fed. Cir. 2001)...................................................................................................7

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005)........................................................................7, 9, 13

*Profectus Tech. LLC v. Huawei Techs. Co.*,
  823 F.3d 1375 (Fed. Cir. 2016).............................................................................13

*Thorner v. Sony Comput. Entm't Am. LLC*,
  669 F.3d 1362 (Fed. Cir. 2012).............................................................................11

Plaintiff Mullen Industries LLC ("Plaintiff") respectfully submits this reply to Samsung's Responsive Claim Construction Brief (Dkt. 100, "RB").

## I.    DISPUTED CLAIM TERMS

### A.    Samsung's Proposed Order of Steps for the Method Claims is Wrong

Method claims "are not ordinarily construed to require" an order. *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369 (Fed. Cir. 2003). Deviating from this standard is only warranted if the claim language shows that one step necessarily relies on the completion of another. *Id.* Plaintiff's Opening Brief (Dkt. 88, "OB") makes clear where there is an order of certain steps, and where no order is required. OB, 2-6. Samsung's argument for further temporal ordering lacks merit.

### 1.    '283, Claim 1

Samsung concedes that Plaintiff's proposed construction is correct but for one dispute: "the relative order between Steps [a] and [c]." RB, 15.[2] Samsung fails to rebut Plaintiff's showing that [c] is not required to be performed after [a]. OB, 3-5. Samsung's argument that step [c]'s use of the phrase "*said* first wireless telephone" requires [c] to be performed after [a] is incorrect: "antecedent basis is not a matter of logic or grammar that compels the steps to be performed in order" where the "meaning of" the term "as used in the claims and informed by the written description is readily ascertainable." *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:05-CV-291, 2009 U.S. Dist. LEXIS 133483, at *309 (E.D. Tex. May 11, 2009). The written description explains that login/password receipt (step [c]) can precede displaying users (step [a]). OB, 4-5. For example, Samsung does not dispute that Figures 13 and 14 permit login/password receipt before the completion of other steps. *Id.*; '283 Pat., Figs. 2 and 17, 4:48-53, 11:33-52. Samsung also ignores that receipt of login/password information prior to the display of users can enhance security—a

---

[2] All references to claim "steps" (e.g., [a], [b], [c], etc.) are to the labels added to the claims in Exhibit C to the Joint Claim Construction Chart and Prehearing Statement. Dkt. 81-03.

goal of the '283 Patent. '283 Pat., 1:44-46. Samsung's proposal would thus improperly exclude express embodiments in which [c] is performed first. *Nobel Biocare Servs. AG v. Instradent USA, Inc.*, 903 F.3d 1365, 1381 (Fed. Cir. 2018) (identifying presumption *against* constructions that exclude embodiments). The Court should adopt Plaintiff's construction.

### 2.    '575, Claim 30

Samsung backtracks and "Revise[s]" its proposed construction, but still overreaches in its argument. RB, 17. Samsung fails to rebut Plaintiff's showing that only [a] is before [c]. OB, 5-6. Samsung's argument for a further temporal order again rests merely on antecedent basis, which as discussed *supra*, is insufficient. Samsung also cites *Hytera* (RB, 17), which is inapposite because there, except for one disputed pairing of steps, the parties *agreed* all other steps needed to be in order. *Hytera Commc'ns Co. v. Motorola Sols., Inc.*, 841 F. App'x 210, 218-219 (Fed. Cir. 2021). Here, no party contends that all steps must be in order. *Hytera* also involved a patent figure illustrating all steps in order with written descriptions that "clearly show[]" a temporal order. *Hytera*, 841 F. App'x at 219. In contrast, here, the specification establishes that the claim steps can occur in multiple orders. OB, 5-6. Plaintiff's construction is correct.

### B.    Samsung's Argument Regarding Apparatus Claim "Steps" That Allegedly Must Be Performed In Order is Wrong

The '117 and '024 Patents claim *apparatuses* capable of executing certain computer program instructions stored in memory. It is apparent from the plain language of the claims when an instruction must be capable of executing before another. But Samsung vastly overreaches and ignores how computers operate when arguing that all instructions must have a temporal order.

### 1.    '117, Claim 1

Samsung tacitly admits the '117 Patent teaches that computer program instructions [e] and [d] can occur "at any time" (RB, 2 ("even if that is true")), but illogically argues this is "irrelevant

to whether step [e] can occur before step [d]." *Id*. The specification's teaching that these "steps" can occur at any time is precisely why the claims cannot be construed to require only one specific order because it would exclude express embodiments. Samsung's argument that antecedent basis of "said location" requires [d] to be before [e] also fails. RB, 1-2. "Said location" merely refers to the ability of the wireless telephone's positioning system to determine "a location" of the wireless telephone, which can occur multiple times such as periodically over time. E.g., '117 Pat., 5:14-16. Indeed, it is well settled that "a" means "one or more." *Convolve, Inc. v. Compaq Comput. Corp.*, 812 F.3d 1313, 1321 (Fed. Cir. 2016). The claim is thus not limited to a positioning system that can only determine a location of the wireless telephone once, at one specific point in time, like Samsung argues. Such a restriction would be nonsensical because, for example, knowing your child's location at one point in time does not guarantee the child is there later in time.

Samsung's argument that [e] and [f] must be in order is likewise incorrect, and ignores the way computer program instructions are structured and executed. Steps [e] and [f] are independent instructions that can be executed by the claimed processor asynchronously. Claim 1's apparatus is capable of executing each of these instructions, but a user need not actually cause the apparatus to execute any of the instructions for the apparatus to practice the claim. Samsung's argument that all instructions must be executed, in order, thus (i) ignores the fundamental difference between apparatus and method claims and (ii) is inconsistent with the intrinsic record, which shows that no order is required. Even if a user puts the apparatus into use, such use could cause the processor to execute one instruction but not the other, or alternatively, both instructions could be executed in any order. For example, a first user of the apparatus could execute step [f] to obtain directions to a second user *even if* the second user does not have access to first user's location (e.g., '117 Pat., 7:51-8:5) because the first user decided not to use the apparatus to execute step [e] (e.g., the first

user decided not to select the option to share the first user's location with the second user, e.g., *id.*, 8:22-28). As another example, step [f] could execute before step [e] if the user chooses to execute step [f] (e.g., to obtain directions to the second user), and *thereafter* chooses to execute step [e] to grant location access rights to the second user. The Court should reject Samsung's arguments.

### 2.    '117, Claim 15

Plaintiff properly identified the program instructions that the apparatus must be capable of completing in order. OB , 9-10. For its part, Samsung's blanket and overreaching argument that all computer instructions "[d]-[j] must be performed in order" is wrong. RB, 3.

Critically, Samsung's argument that [f] must come after [d] and [e] is untenable for at least three reasons. First, even Samsung **admits** the intrinsic evidence teaches that step [f] of receiving a login and password can be the ***first*** instruction executed when a user uses a wireless telephone. OB, 4, 10 (citing '117 Pat., 3:5-8, 3:27-31); RB, 4 (conceding the specification "describe[s] logging into a device but do[es] not describe the login process's relation to other steps"); *id*. 7 (conceding the existence of "specification sections stating that the login process can happen ***at any time***").; *id.*, 13 (acknowledging "specification disclosures that individual steps, such as login and changing location access rights, can happen ***at any time***.").[3]

Second, as is typical for computer program instructions, [f] is an independent instruction that can be executed by the processor asynchronously. Samsung indeed ***concedes*** the specification does **not** require logging into a device (e.g., step [f]) to have any "relation to other steps of 'displaying a plurality of users' or 'receiving … a selection" of a user (e.g., as referenced in steps [d] and [e]). RB, 4. Thus, there is no basis to preclude [f] from occurring before displaying a plurality of users (e.g., step [d]) and receiving a selection of a user (e.g., step [e]) because the input

---

[3] The specification's teaching that the login process can happen at any time is undeniably a teaching that the login process can be performed before, after, or concurrently with other steps.

of a login/password (step [f]) is not dependent on such display nor the selection of a user.

Third, Samsung's attorney argument that [e] and [f] must be in order allegedly because the words "first" and "second" in the claim impose a temporal order (RB, 3) is entirely unsupported. *3M Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1371 (Fed. Cir. 2003) ("The use of the terms 'first' and 'second' is a common patent-law convention to distinguish between repeated instances of an element or limitation … and should not in and of itself impose a serial or temporal limitation onto [a] claim[.]"). Here, the designation of "first" and "second" inputs merely indicates that these inputs are different. *Id*. Tellingly, even Samsung acknowledges this. RB, 27 (admitting in the context of different claim language that "***first*** wireless device" and "***second*** wireless device" simply means they are "distinct devices").

Next, Samsung completely misreads the claim when it argues that [h] must come after [g]. RB, 4. Step [g] refers to determining if the wireless telephone has ***received*** access to location information of a different user. In contrast, step [h] refers to the wireless telephone ***providing*** that different user access to location information about the wireless telephone. These are independent concepts, and thus, if these steps are executed they can be executed in any order.

Finally, Samsung's argument that each step must be performed entirely before every other step fails. RB, 5. Contrary to Samsung's argument, *Ancora Techs.* is persuasive authority and highly relevant. *Ancora Techs., v. LG Elecs. Inc.*, 2020 WL 4825716, at *5 (W.D. Tex. Aug. 19, 2020). *Ancora* correctly holds that, consistent with the presumption that no order of steps is required, even when an order is required it refers to when the steps "complete." *Id.* Samsung fails to overcome this presumption, especially where, as here, it is well known that instructions executed

by a processor can execute in parallel.[4] The cases Samsung relies on are easily distinguished. RB, 5-6.[5] Both are directed to *methods*, not an apparatus as claimed here. Both also relate to operations performed manually or mechanically, not to instructions that a processor can execute in parallel.

### 3.    '117, Claim 29

Samsung agrees with Plaintiff's construction but improperly seeks to impose the additional restraint that "[f] must follow … [d] and [e]." RB, 7. Step [d] refers to a user of the wireless telephone entering user information, and step [e] refers to providing a location of the wireless telephone to a remote system. These steps have no required temporal relationship to step [f], which refers to the user selecting a location-based event regarding a location of a second wireless device. E.g., OB, 11-12. Thus, if executed, step [f] could be performed before, or after, steps [d] and [e]. For example, there is no inherent reason why the wireless telephone would need to provide its own location (e.g., [e]) before a user of the wireless telephone selects an event based on the location of a different device (e.g., [f]). The Court should reject Samsung's argument.

### 4.    '117, Claim 42

Remarkably, Samsung here takes a claim with **_no required order_** and argues that all of instructions "[d]-[g] must be performed in order." RB, 8. Samsung falls well short in its arguments.

First, Samsung argues incorrectly that the reference to "a second wireless device" in [d] and "*said* second wireless device" in [e] requires an order of steps. *Id*. Analogous to the situation where "first" and "second" items merely indicate those items are different, here the word "said" merely indicates that the item is the same as the item previously referenced. *Supra* §I.B.2. Samsung also ignores Plaintiff's cited caselaw showing that use of "the" or "said" does **_not_** impose a

---

[4] E.g., Ex. 14, 792 ("Parallel processing (1) (computers) Pertaining to the simultaneous execution of two or more sequences of instructions").
[5] *Medtronic, Inc. v. Teleflex Life Scis. Ltd.*, 2024 WL 1208642, at *5 (Fed. Cir. Mar. 21, 2024); *Mantech Env't Corp. v. Hudson Env't Servs., Inc.*, 152 F.3d 1368, 1375-76 (Fed. Cir. 1998).

temporal requirement. OB, 3. Samsung's argument that [e] must follow [d] because it makes "logical sense" (RB, 8) also fails because Samsung cannot refute Plaintiff's showing that [d] following [e], or both being performed concurrently, *also* makes logical sense. OB, 12-13.

Second, Samsung argues that step [f] must follow step [e] because such an operation "makes sense" from the specification's disclosure of Figure 17. RB, 9. However, Samsung again cannot refute Plaintiff's showing that [e] following [f] *also* makes logical sense (OB, 13), and thus nothing inherently limits these steps' order. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) (warning "against confining the claims to those embodiments" in the specification); *Altiris,* 318 F.3d at 1369 (order required only when logic mandates one specific order); *Oak Tech., Inc. v. ITC*, 248 F.3d 1316, 1328-29 (Fed. Cir. 2001) (order required only because "the claim language itself" *expressly recited* that a step must be performed "*after*" another step).

Third, as with steps [e] and [f], steps [f] and [g] can be performed in any order. Contrary to Samsung's argument (RB, 9), Samsung ignores that the specification expressly discloses that "[a] user may update, add, manipulate, or remove access at any time …." '117 Pat., 5:20-21. Thus, step [f] following [g] is undeniably an embodiment. For example, the wireless telephone may receive a location of the second wireless device (e.g., step [f]), and thereafter, the wireless telephone's access rights may be revoked, resulting in the wireless telephone transmitting a request that location access rights be assigned (e.g., step [g]) to restore the wireless telephone's access. Nothing in the claim language precludes such an order. The Court should reject Samsung's arguments.

### 5.    '024, Claim 1

Samsung's incorrect arguments regarding the '024 apparatus claims generally mirror Samsung's incorrect arguments, addressed above, regarding the '117 apparatus claims.

For '024 Claim 1, Samsung again backtracks and "Revise[s]" its proposal but is still incorrect. Step [b] need not precede step [c] because step [b]'s obtaining "a" location of a first

wireless telephone (i.e., one or more locations, *see Convolve,* 812 F.3d at 1321) can occur "periodically" ('024 Pat., 5:14-16) and further, as Samsung admits, changing a list of users allowed to access the first wireless telephone's location (e.g., step [c]) can occur "at any time." RB, 2; *see supra* §I.B.1. Likewise, step [c] need not precede step [d] because Samsung's concession that step [c]'s "changing location access rights, can happen at any time" (RB, 13) shows that transmitting a location (step [d]) need not necessarily occur after step [c].

### 6.    '024, Claim 24

Step [b] need not precede step [c] because step [b]'s recital of "a first wireless telephone" and step [c]'s recital of "*said* first wireless telephone" merely indicates that the referenced telephone is the same. *See* §I.B.2. Moreover, Samsung ignores Plaintiff's showing that the specification expressly discloses that [c] can be *the very first instruction executed*. OB, 17 (citing '024 Pat., 3:6-7, 3:27-31). Relatedly, and for similar reasons discussed at §I.B.2, step [d] need not follow step [b] because use of "said" in [d] is insufficient to impose a temporal order; indeed, Samsung admits that step [d]'s "login process can happen at any time." RB, 13.

Finally, steps [d] through [f] need not complete in order for similar reasons that steps [g]-[i] of Claim 15 of the '117 Patent need not complete in order. *See* §I.B.2. For example, Samsung again completely misreads the claim: step [d] refers to determining whether the first wireless telephone has received access to location information associated with a different user, whereas step [e] refers to determining if the first wireless telephone provided location access rights to the other user. These distinct concepts can be performed in any order.

### 7.    '024, Claim 45

Samsung's attempt to impose unjustified temporal ordering onto steps [b] and [c], [c] and [e], [f] and [g], and [g] and [e] is similar to Samsung's improper attempt to restrict claim 42 of the '117 Patent to an order. RB, 13-14; *supra* §I.B.4. For at least the same reasons, Samsung's

arguments regarding '024 Claim 45 are incorrect. *See* OB, 18-19; *supra* §I.B.4. Samsung fails to overcome the presumption against its arguments seeking to impose an order of steps. *Id.*

**C.    "list of users" ('117, Claim 1; '024, Claim 1; '575, Claim 30)**

The term "list of users" should be given its plain and ordinary meaning and does not require construction. OB, 19 (citing *Phillips,* 415 F.3d at 1314). Samsung's construction ("series of two or more other users") ignores the plain meaning and context of this claim term —a "list" that can start as an empty set and has the capability to be grown to include one, two, or more users. It need not always be populated with "two or more other users" like Samsung urges. RB, 18. Indeed, a "list of users" is analogous to a "grocery list" on one's refrigerator door—it often starts with nothing (an empty set), but grows gradually as items are added over time.

Samsung mischaracterizes the prosecution history. RB, 19. There, Applicant argued over a rejection based on cited reference Kalthoff on the basis that it did "not show or suggest" "creating a list" as claimed; rather, Kalthoff's cellular phone display reflected only a user's ability to enable location alerts on an "individual" basis. Ex. 15, FIG. 16A; Ex. C at 13. Kalthoff's display showed the individual names of friends, regardless of whether location alerts were "enabled" for those friends. *Id.*, FIG. 16A (adding checkmarks to enable). Applicant thus stated a friend's individual name and independent designation was not and could not be a list. *Id.* This was ***not*** a statement that when an apparatus allows for creation of a list such list must always have two or more items.

**D.    "region-based" ('117, Claim 29; '039, Claim 1)**

The Court should reject Samsung's improper attempts to import extrinsic limitations into this claim term. First, Samsung's proposal to inject "user-specified or selected" into this term is unsupported by any record evidence. RB, 21. For example, even Samsung concedes that "a 'region' is not limited to the specific types of regions described in the specification." RB, 22; *see also Phillips,* 415 F.3d at 1323 (admonishing such an approach); *Kara Tech. Inc. v. Stamps.com Inc.*,

582 F.3d 1341, 1348 (Fed. Cir. 2009) ("patentee is entitled to the full scope of his claims, and we will not limit him to his preferred embodiment or import a limitation from the specification into the claims"). Second, nothing in the record requires "region-based" to be mutually exclusive from "distance-based," and indeed, Samsung cannot dispute that some "region-based" alerts can also be based on distance (e.g., providing an alert when a second user comes within a region defined by a circle having a one-mile radius around a first user). *See also* e.g.*,* '117 Pat., Fig. 11 (referring to Susan Pracht being both (1) within 1 mile and (2) within the same city as a user). The Court should accord this claim term its plain and ordinary meaning and reject Samsung's improper proposals.

### E.    "distance-based" ('117, Claim 29; '039, Claim 1)

As with the prior term "region-based," the meaning of a "distance-based" location-based event is clear and understandable on its face and no construction is required. First, there is no support for Samsung's proposal to rewrite this term to require a "user-specified" distance, nor that the event must be based on a "current location." RB, 23. The specification describes examples of distance-based alerts, including that "[w]hen a user comes within a certain distance of a user (determined by comparing locations of a user) … the user may be alerted of the proximity of a matching user." '117 Pat., 6:6-10. Notably, in this embodiment, ***there is no requirement that the distance must be user-specified***. Second, there is no narrowing limitation in the record that would require the "distance-based" to be based on "current location" like Samsung argues (RB, 23), which, at a minimum, would confuse rather than clarify matters because it is unclear what Samsung considers to be "current." Third, the Court should again reject Samsung's unsupported argument that the terms "region-based" and "distance-based" must be mutually exclusive, which would contradict the intrinsic record. *See supra* §I.E.

### F.    "location information" ('283, Claim 1)

Samsung's construction unduly limits the meaning of "location information" to

"geographic position" and even more narrowly to "the name of a location." *Id*. RB, 25. The language of the claim, however, is not limited to "geographic position," and Samsung cannot point to any disavowal or lexicography requiring such claim narrowing. On this basis alone, Samsung's construction should be rejected. Consistent with this term's plain and ordinary meaning, the specification indeed provides numerous non-geographical examples of what types of "information" are associated with a "location." OB, 24. Finally, Samsung is incorrect that Plaintiff's construction seeks to "broaden" the claim. RB, 25. Plaintiff's construction instead ascribes to this term the breadth the patentee intended. *Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012) ("patentee is free to choose a broad term and expect to obtain the full scope of its plain and ordinary meaning"). Indeed, Plaintiff's construction directly follows the claim language and encompasses the patent's embodiments. E.g., '283 Pat., 7:21-40. The Court should adopt Plaintiff's construction.

### G.    "directional information" ('575, Claim 30)

Samsung has again "Revised" its proposed construction after Plaintiff filed its opening claim construction brief (RB, 25) but Samsung's revised construction fares no better. This term should be construed according to Plaintiff's proposal ("information relating to directions"), which is its plain and ordinary meaning and aligns with the scope of the patent's embodiments. OB, 25-26. In contrast, Samsung's proposed limitations including "orientation" and "reference point" appear nowhere in the patent's intrinsic record. *Id*. Contrary to Samsung's argument, "the user interface display of a user-selectable option to obtain directions" (RB, 26) is an express embodiment in the patent (e.g., '575 Pat., 8:49-54, FIG. 7 ("Locating Options … Directions")), which supports *including* this subject matter within the scope of "directional information," not excluding it like Samsung proposes. The Court should adopt Plaintiff's proposed construction and reject Samsung's proposed construction.

11

### H.    "said wireless telephonic device" is not indefinite ('218, Claim 11)

Samsung labors but fails to meet its high burden of establishing indefiniteness of this term with clear and convincing evidence. *Nautilus, Inc. v. Biosig Instr., Inc.*, 572 U.S. 898, 910 (2014). Express antecedent basis is not required when it can be "presented by implication." *Energizer Holdings, Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366, 1371 (Fed. Cir. 2006). Such is the case here, where the term "said wireless telephonic device" simply refers back to "a wireless device" recited just a few words earlier in the claim. Samsung cannot refute this simple (and readily apparent) conclusion. Moreover, Samsung incorrectly posits that a "device would not 'provide' a display in response to a request" from the same device. RB, 28. In fact, the specification expressly discloses this as an embodiment: e.g., the map of FIG. 6 can be displayed by the device after the user uses the device to select option 1721 in FIG. 16 to "Request Rights" and to request and receive location information. E.g., '218 Pat., FIGs. 6, 17, 2:51-54. The prosecution history also supports Plaintiff's construction. *Cf*. RB, 28-29. That the examiner **never** rejected the claim for lacking antecedent basis when reciting "said wireless telephonic device" confirms that by implication the term "said wireless telephonic device" refers back to "a wireless device" recited earlier in the claim. *Id*.

Samsung's cited case law is inapposite. First, *Cardware*'s indefiniteness finding was rooted in the claim itself mandating one "payment information" that was "static" and another "payment information" for "limited-use by the device." *Cardware Inc. v. Samsung Elecs. Co.*, LEXIS 148405, at *31 (E.D. Tex. Aug. 22, 2023). Here, there is no ambiguity: the term "**said** wireless telephonic device" must refer back to the "wireless device" because there is ***no other device*** recited earlier in the claim to which the "said" antecedent basis could apply. OB, 26-27. For the same reason, *Bushnell* is likewise inapplicable. *Bushnell Hawthorne, LLC v. Cisco Sys.*, 813 F. App'x 522, 526 (Fed. Cir. 2020). Claim 11 of the '218 Patent is not indefinite.

**I.    "said device includes motion sensing operable to distinguish between a plurality of different types of motion" is not indefinite ('633, Claim 1)**

Samsung is wrong that "the specification does not describe the same device sensing motion and providing notifications." RB, 31. As Plaintiff explained, the device's control circuity both senses motion and provides notifications. OB, 28-29. Samsung is also incorrect that the claim is purely functional. RB, 30. This claim element expressly recites a "device" ("said device includes motion sensing …") and the prosecution history makes clear that the device includes "control circuity." OB, 29 (*citing* Ex. 13). Claim 1 itself also makes plain that the control circuitry is located in the ***same*** device that provides the notification signals to a user (just like the specification describes with respect to device 330), and not a separate device like device 350 that may simply be a sensor. '633 Pat., Claim 1. Plaintiff's proposed construction captures this plain meaning of the claim term and thus is the proper construction. *Phillips*, 415 F.3d at 1313.

Samsung's reliance on its purported "unrebutted expert testimony" is easily dismissed. RB, 33. Samsung's expert argues that "'control circuity' cannot perform the function of 'motion sensing'." *Id*. However, this is the epitome of unreliable expert opinion entitled to no weight. Such extrinsic evidence impermissibly contradicts both the specification and prosecution history, which, as Plaintiff establishes *supra* and in its Opening Brief, both unambiguously show that the "control circuitry" ***does*** perform motion sensing. OB, 28-30; *Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1380 (Fed. Cir. 2016) ("Extrinsic evidence may not be used to contradict claim meaning that is unambiguous in light of the intrinsic evidence") (quotation omitted).

**II.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court to adopt Plaintiff's proposed constructions for each of the disputed claim terms, and to reject Samsung's proposed constructions and arguments as to alleged indefiniteness.

Dated:  April 24, 2025                                  Respectfully submitted,

                                                        /s/ Peter F. Snell
                                                        Stafford Davis
                                                        State Bar No. 24054605
                                                        sdavis@stafforddavisfirm.com
                                                        Catherine Bartles
                                                        State Bar No. 24104849
                                                        cbartles@stafforddavisfirm.com
                                                        THE STAFFORD DAVIS FIRM, PC
                                                        815 South Broadway Avenue
                                                        Tyler, Texas 75701
                                                        Tel: 903-593-7000
                                                        Fax: 903-705-7369

                                                        Peter F. Snell
                                                        Admitted in this Court
                                                        NY Bar No. 4474136
                                                        pfsnell@mintz.com
                                                        Brad M. Scheller (*pro hac vice*)
                                                        bmscheller@mintz.com
                                                        Hannah M. Edge (*pro hac vice*)
                                                        hmedge@mintz.com
                                                        Robert C. Sweeney (*pro hac vice*)
                                                        rcsweeney@mintz.com
                                                        MINTZ LEVIN COHN FERRIS
                                                        GLOVSKY AND POPEO, P.C.
                                                        919 Third Avenue
                                                        New York, NY 10022
                                                        (212) 935-3000

                                                        *Attorneys for Plaintiff*
                                                        *Mullen Industries LLC*

## **CERTIFICATE OF SERVICE**

I certify that, on April 24, 2025, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Peter F. Snell*
Peter F. Snell