## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MULLEN INDUSTRIES LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-cv-00049-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. and | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Defendants" or "Samsung") Partial Rule 12(b)(6) Motion to Dismiss Plaintiff Mullen Industries LLC's Second Amended Complaint (Dkt. 54) (the "Partial Motion to Dismiss"). (Dkt. No. 61.) Having considered the Partial Motion to Dismiss and related briefing, the Court finds that it should be **GRANTED-IN-PART and DENIED-IN-PART**. Before the Court is also Defendants' Motion for Hearing on Samsung's Partial Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint (Dkt. 61) (Dkt. No. 108), which, in light of this Order, is **DENIED AS MOOT**.

## I.    BACKGROUND

Plaintiff Mullen Industries LLC ("Plaintiff") filed this lawsuit against Defendants on January 26, 2024, accusing Defendants of directly and indirectly infringing U.S. Patent Nos. 11,246,024 (the "'024 Patent"); 11,234,117; 11,190,633; 11,122,418; 11,109,218; 11,096,039 (the "'039 Patent"); 9,635,540 (the "'540 Patent"); 9,204,283 (the "'283 Patent"); and 8,374,575 (the "'575 Patent"). (Dkt. No. 1.)

On May 22, 2024, Defendants moved to partially dismiss the Complaint. (Dkt. No. 13.) Defendants moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim for (1) direct infringement of the '540 Patent; (2) direct infringement of the '283 Patent; (3) direct infringement of the '575 Patent; and (4) indirect infringement of the '540, '283, and '575 Patents. (Dkt. No. 13.) On November 21, 2024, the Court granted Defendants' motion. (Dkt. No. 52.) In response to the Court's Order, Plaintiff filed the First Amended Complaint. (Dkt. No. 53.) Plaintiff then filed the Second Amended Complaint. (Dkt. No. 54.) The Second Amended Complaint abandoned Plaintiff's previous indirect infringement allegations for the '283 and '575 Patents. (*Id.*)

Defendants' Partial Motion to Dismiss seeks to partially dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6) for failure to state a claim for (1) direct infringement of the '283 and '575 Patents based on Samsung applications and (2) induced infringement of the '039 and '024 Patents based on Google Maps. (Dkt. No. 61.)

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In determining a motion to dismiss, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Iqbal*, 556 U.S. at 678. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57.

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.*

## III.    DISCUSSION

### A.    Plaintiff Adequately Pleads Direct Infringement of the '283 and '575 Patents

#### 1.    Plaintiff Adequately Pleads that Defendants Practice or Control All User Steps

Defendants contend that Plaintiff's allegations cannot support a reasonable inference that Defendants perform the user steps of the '283 and '575 Patents through its internal product testing or usage. (Dkt. No. 61 at 5-7.) Defendants assert that Plaintiff alleges that "a team of 20 Samsung engineers" performs product testing in the United States, but that this allegation does not support the specific usage scenarios Plaintiff claims are infringing. (*Id.*) Defendants argue that all asserted claims for the '283 and '575 Patents are method claims and that it is insufficient for Plaintiff to

allege that Defendants test the accused software—which has a wide range of uses—and must, instead, allege that Defendants test the allegedly infringing process. (*Id.* at 6-7.) Defendants also contend that Plaintiff's "allegations that 'Samsung personnel have executed' the processes claimed by the '283 and '575 Patents 'for marketing purposes and/or in order to generate Samsung marketing materials' are similarly insufficient." (*Id.* at 7-8.) Defendants argue that the marketing materials Plaintiff cites in the Second Amended Complaint do not show Defendants practicing any asserted claim. (*Id.*)

Plaintiff responds that the Second Amended Complaint, on an element-by-element basis, "sufficiently pleads that when Samsung tests these technologies on Samsung devices, Samsung directly infringes these patents because Samsung itself performs all of the steps of the claimed methods." (Dkt. No. 62 at 3-5.) Plaintiff argues that "[d]iscovery is also ongoing and Samsung has yet to produce test records regarding Samsung's testing or to offer knowledgeable witness(es) to testify regarding the scope of its testing." (*Id.* at 5-6.) Plaintiff also asserts that Defendants' Motion is predicated upon premature claim construction arguments about the meaning of certain claim terms, including "directional information" and "location information." (*Id.* at 6.)

The Court finds that Plaintiff's testing-based and marketing material allegations plausibly plead that Defendants may have tested the accused process or otherwise executed the allegedly infringing method during product troubleshooting or testing. Contrary to the original Complaint, which merely included testing the accused processes as part of boilerplate sentences of potentially infringing actions, Plaintiff has pled these factual allegations in the Second Amended Complaint. While Defendants contend that Plaintiff must identify specific usage scenarios that Defendants test, the Court disagrees.[1] At the pleading stage, Plaintiff is not required to prove its infringement

---

[1] In its reply, Defendants also argue that the Second Amended Complaint does not plead U.S.-based testing of Samsung Find. (Dkt. No. 70 at 3.) The Court does not find this argument persuasive.

claims or provide the kind of evidentiary support that would be required at summary judgment. *See Lifetime*, 869 F.3d at 1379.

### 2. Plaintiff Adequately Pleads that Defendants Practice or Control All Server Steps

Defendants also argue that Plaintiff's allegations for the '283 and '575 Patents are insufficient because Plaintiff's infringement theories require server actions performed by third party Google, and Plaintiff does not plead that Defendants practice or control the steps performed by Google. (Dkt. No. 61 at 8-11.) Defendants assert that the Second Amended Complaint relies on actions by Google servers for certain claim steps but that the Second Amended Complaint is silent on Defendants' relationship with Google. (*Id.*) Defendants also assert that, like the original Complaint, Plaintiff's divided infringement allegations are insufficient because Plaintiff does not allege joint infringement between the alleged users and the server operator, plead any facts to show "direction or control," nor plead facts alleging a joint enterprise. (*Id.* at 10-11.)

Plaintiff responds that, contrary to Defendants' assertion, its infringement theories for the '283 and '575 Patents do not involve actions performed by Google servers. (Dkt. No. 62 at 6.) Plaintiff argues that its infringement theories encompass instructions performed by Samsung software and executed by Samsung's servers. (*Id.*) Plaintiff also argues that Defendants do "not challenge, that with respect to the server functions of Samsung's technologies including Samsung SmartThings Find and Samsung Find, 'Samsung both provides the remote system (e.g., server) software including at least server software for Samsung SmartThings Find and Samsung Find and provides or controls the remote system hardware.'" (*Id.* at 4.)

The Court disagrees with Defendants' contention that Plaintiff insufficiently pled direct infringement of the asserted method claims by not pleading direction and control over the Google servers. The Second Amended Complaint does not allege that Google servers perform any recited

step of the asserted method claims. The Second Amended Complaint alleges that Samsung software and/or Samsung servers perform the asserted method claims.[2] (*E.g.*, Dkt. No. 54 ¶¶ 168, 193.) Further, the Court agrees that much of Defendants' Motion hinges on premature claim construction arguments, which the Court will not decide at the pleading stage.

Accordingly, the Court finds that, at the pleading stage, Plaintiff has adequately pled that Defendants infringe the '283 and '575 Patents based on Samsung applications. The Second Amended Complaint provides Defendants adequate notice of the claims and grounds upon which they rest for the '283 and '575 Patents. Plaintiff provides infringement allegations on an element-by-element basis of who and what Plaintiff contends infringes the asserted claims. While Defendants may believe, and discovery may reveal, that Defendants do not infringe under Plaintiff's infringement theory, that is more properly evaluated at the summary judgment stage.

### B. Plaintiff Fails to Adequately Plead Induced Infringement of the '039 and '024 Patents Based on Google Maps

To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement. 35 U.S.C. § 271(b); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)

Defendants argue that Plaintiff fails to plausibly allege direct infringement by Google Maps users, who are the parties Plaintiff asserts Defendants induce. (Dkt. No. 61 at 11-12.) Defendants contend that the Second Amended Complaint "refers only to [Defendants'] inducement of users to use the Google Maps application, asserting that 'Samsung has and continues to instruct end users

---

[2] Plaintiff affirmatively states that its direct infringement theories for the '283 and '575 Patents do not rely on third-party Google's actions or servers. (Dkt. No. 62 at 6; Dkt. No. 74 at 2.) Consistent with that representation, the Second Amended Complaint does not allege joint infringement, plead any facts to show "direction or control," or plead facts alleging a joint enterprise. Accordingly, Plaintiff's infringement allegations for the '283 and '575 Patents are limited to Defendants' "own performance of all steps of the claimed methods." (Dkt. No. 74 at 2.)

how to open and use Google Maps.'" (*Id.* (quoting Dkt. No. 54 ¶¶ 155, 217).) Yet, Defendants assert the Second Amended Complaint does not address how Google Maps directly infringes. (*Id.*) Defendants also argue that Plaintiff "cannot plausibly plead an underlying act of direct infringement done at Samsung's behest." (*Id.* at 12-13.) Defendants contend that "a user cannot infringe by 'using' the accused Google Maps remote servers because those servers and their functions are controlled by Google—not by users." (*Id.*) Defendants further argue that the Second Amended Complaint does not allege that Defendants know how third-party Google's servers work. (*Id.* at 14-15.)

Plaintiff responds that "[t]he linchpin of Samsung's argument is that Google itself is the direct infringer of these patents, not end users of Google Maps. (Dkt. No. 62 at 6-8.) Plaintiff argues that "irrespective of who is the direct infringer (Google or end users of Google Maps), the SAC specifically pleads that Samsung induces such direct infringement by instructing and encouraging another entity to perform acts that Samsung knows will result in such direct infringement, i.e., directly infringing use of a Google Maps remote server system." (*Id.* at 7-11.) Plaintiff asserts that the Second Amended Complaint "pleads that when Samsung encourages and instructs users to use the Google Maps application, it necessarily results in directly infringing use of a Google Maps remote server system because the Google Maps remote server system will inevitably perform the actions specifically requested by the Google Maps application." (*Id.*)

The Court finds that Plaintiff fails to sufficiently plead a factual basis for its induced infringement claims for the '039 and '024 Patents based on Google Maps. As an initial matter, while the Court agrees that Plaintiff pleads that Defendants induce "service providers" to directly infringe in contexts other than Google Maps, the Court disagrees that Plaintiff pleads that Defendants induce Google to directly infringe based on Google Maps. The Second Amended

Complaint identifies only end users as direct infringers concerning Google Maps. (*Compare* Dkt. No. 54 ¶ 153 ("Samsung has and continues to provide instructions to its service providers (e.g., AWS) regarding how to make the '039 Accused Products, including by loading Samsung-provided server software onto server hardware.") *with* Dkt. No. 54 ¶¶ 155 ("As another example, Samsung has and continues to instruct end users how to open and use Google Maps … ."), 156 ("… which induces end users to use a Google Maps remote system in a manner that infringes the '039 Patent.").) The Court does not find that Plaintiff has adequately pled that end users control or possess any part of Google's server system. Further, there is no allegation of how Google Maps directly infringes the asserted claims.

Even if Plaintiff pled that Samsung induces Google to use Google Maps to infringe the '039 and '024 Patents, the Court finds that this is not a plausible theory of induced infringement. The Court agrees that Plaintiff has failed to plausibly plead an underlying act of direct infringement done by Google at Samsung's behest. Plaintiff asserts that Samsung induces Google through its website instructions and advertisements "because such instructions and advertisements equally encourage Google to continue to provide the identified Google Maps technologies in order to allow end users to access such technologies." (Dkt. No. 74 at 4-5.) However, nothing in the Second Amended Complaint alleges that what Plaintiff is doing causes Google to use its own server and its own application in an infringing way. While it may be plausible that Google may provide its customers or end users with instructions or information on how to use its servers and its Google Maps application to infringe, Plaintiff's three-party infringement theory based on Defendants allegedly instructing Google to use its own Google application is not a plausible induced infringement theory. As mentioned above, there is no allegation of how Google Maps directly infringes. Further, there are no plausible allegation that Defendants knew that Google's acts of

using its own servers constituted infringement.[3]

Accordingly, the Court finds that Plaintiff has failed to sufficiently plead induced infringement of the '039 and '024 Patents based on Google Maps.[4]

## IV.    CONCLUSION

Defendants' Partial Motion to Dismiss (Dkt. No. 61) is **GRANTED-IN-PART and DENIED-IN-PART** for the reasons stated herein. The Partial Motion to Dismiss is **GRANTED** with respect to Plaintiff's claims of induced infringement for the '039 and '024 Patents based on Google Maps. The Partial Motion to Dismiss is **DENIED** in all other respects. The Court further **DENIES AS MOOT** Defendants' Motion for Hearing on Samsung's Partial Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint (Dkt. 61) (Dkt. No. 108).

**So ORDERED and SIGNED this 11th day of June, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's assertion that Defendants knows their "instructions and encouraging use of Google Maps" "will inevitably cause a Google Maps remote server system to be used in a directly infringing manner" is of no moment. Mere attorney argument is not enough to survive a motion to dismiss.
[4] Defendants did not move to dismiss Plaintiff's induced infringement allegations in contexts other than Google Maps. (*See generally* Dkt. No. 61.) Accordingly, this Order is limited to Plaintiff's allegations of induced infringement of the '039 and '024 Patents based on Google Maps.