▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| MULLEN INDUSTRIES LLC, | |
| *Plaintiff*, | Case No. 2:24-cv-00049-JRG |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO. LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., | ▮▮▮▮▮▮▮▮ |
| *Defendants*. | |

## PLAINTIFF MULLEN INDUSTRIES LLC'S
## RENEWED MOTION FOR SANCTIONS

████████████████████████████████████████

## <u>TABLE OF CONTENTS</u>

**Page**

I.    The Court Granted Mullen's Motion to Compel Over Samsung's Factually Inaccurate Claims of No Payments From Google to Samsung Related to Google Maps.......................... 2

II.   The RSA █████████████ Samsung Produced Responsive to the Compel Order Confirm that Samsung Received Payments From Google in Exchange for Preloading the Accused Google Maps Technology on Samsung's Smartphones and Tablets................... 2

III.  Samsung's Discovery Failures Merit Sanctions Including (i) Adverse Jury Instructions, (ii) Preadmission of the RSA ████████ as Additional Exhibits, (iii) a Short Supplemental Damages Expert Report, and (iv) Payment of Mullen's Expenses For This Motion and the Prior Motions to Compel and For Leave......................................... 4

IV.   CONCLUSION ............................................................................................................. 7

████████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atlas Global Technologies v. TP-Link Technologies*
No. 2:21-cv-00430-JRG-RSP, 2023 WL 4936210 (E.D. Tex. Aug. 2, 2023) ...............................5

*Chamberlain Group LLC v. Overhead Door Corp.*,
   No. 2:21-cv-00084-JRG (E.D. Tex. Mar. 30, 2022), Dkt. 386..................................................6

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
   No. 2:22-CV-0422-JRG-RSP, 2024 WL 3647624 (E.D. Tex. Aug. 2, 2024) ...................4, 5, 7

*Marquis v. Sadeghian*,
   No. 4:19-CV-626-RWS-KPJ, 2021 WL 4148755 (E.D. Tex. Sept. 13, 2021).........................4

**Other Authorities**

Fed. R. Civ. P. 37(b)(2)(A)(i) ....................................................................................................4

Federal Rule of Civil Procedure 37(b)(2)(C)...........................................................................7

███████████████████████████████████

Plaintiff Mullen Industries LLC ("Mullen") moved to compel and for sanctions (Dkt. 219) resulting from Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.'s ("Samsung") (i) failure to produce documents during discovery regarding Samsung's and Google LLC's ("Google") financial relationship with respect to the infringing Google Maps technology Samsung preloads on all accused Samsung smartphones and tablets in this case; and (ii) corresponding factually incorrect deposition testimony and discovery response. The Court overruled Samsung's objections and ordered Samsung to produce the Samsung-Google "RSA [Revenue Share Agreement] and any related documents by November 19, 2025" and held that "Plaintiff may renew its request for sanctions if applicable" thereafter. Dkt. 229.

Mullen now renews its motion for sanctions against Samsung. The RSA ███████ ██████████████ Samsung produced on November 19, 2025 confirm what Mullen anticipated and what Samsung inappropriately withheld from discovery and denied at the Pretrial Conference: there *are* "payments by Google to Samsung that require, among other things, that Google Maps be downloaded" on Samsung's accused products in order for Samsung to share revenue with Google. *E.g.*, Dkt. 213 (Pretrial Conf. Tr.) at 132:13-20. Samsung and Google's █ RSA █████████████████████████████ expressly requires compliance with a Google-Samsung Mobile Application Distribution Agreement ("MADA"), which in turn requires Samsung to preload the infringing Google Maps technology on its mobile devices in order for Samsung to share revenue with Google under the RSA ██████████ previously-withheld RSA ████████████ are highly relevant because they demonstrate the value of Mullen's patented technology. Specifically, Samsung received value in the form of monetary payments from Google in part in exchange for Samsung's preloading of the infringing Google Maps technology.

Mullen seeks: (i) adverse jury instructions relating to Google's payments to Samsung under

1

the RSA ▮▮▮▮▮ in exchange for Samsung's preloading Google Maps on the accused products;

(ii) addition of the RSA ▮▮▮▮▮ to Plaintiff's exhibit list and preadmission of these exhibits for

trial; (iii) leave to file a 3-page supplemental damages expert report; and (iv) an award of Mullen's

expenses to prepare and file this motion and prior motions to compel and for leave (Dkt. 218, 219).

## I.      The Court Granted Mullen's Motion to Compel Over Samsung's Factually Inaccurate Claims of No Payments From Google to Samsung Related to Google Maps

Samsung incorrectly maintained throughout discovery and the Pretrial Conference that

Google has ***not*** made payments to Samsung related to Samsung's preloading of the infringing

Google Maps technology onto Samsung's smartphones and tablets. *See, e.g.*, Dkt. 213 at 57:22-23

(Samsung counsel stating that "***There are no payments that relate to Google Maps, full stop***.")

(emphases added)).[1] Only after the Court alerted Samsung to the Court's "recollection that there

is some revenue sharing . . . between Google and Samsung" (Dkt. 213 at 77:12-16) did Samsung

reveal weeks later, buried within a draft of the Joint Notice Regarding Exhibits and Amended

Exhibit Lists (Dkt. 217), that Samsung ***did*** have an RSA in place during the relevant infringement

period in this case. Mullen moved to compel and for sanctions when Samsung nonetheless still

refused to produce the RSA or to agree to Mullen's proposed curative jury instructions. Dkt. 219.

The Court granted Mullen's motion to compel (Dkt. 229) over Samsung's opposition (Dkt. 227).

## II.     The RSA ▮▮▮▮▮▮ Samsung Produced Responsive to the Compel Order Confirm that Samsung Received Payments From Google in Exchange for Preloading the Accused Google Maps Technology on Samsung's Smartphones and Tablets

▮▮▮ the RSA ▮▮▮▮▮ Samsung produced in response to the Court's Order undisputedly

confirm that, contrary to Samsung's repeated prior denials, Samsung ***did*** receive monetary

---

[1] Mullen described Samsung's failure to produce relevant documents in violation of the Court's Discovery Order (Dkt. 29 at § 3(b)), repeated inaccurate deposition statements, and inaccurate interrogatory response regarding the existence of the requested documents in Mullen's initial Motion to Compel and for Sanctions (Dkt. 219), which Mullen incorporates by reference herein.

████████████████████████████████████

payments[2] from Google in exchange for Samsung's preloading the infringing Google Maps

technology onto Samsung's accused products as required by each operative MADA. On the basis

of ███████████, a reasonable jury could find that because Samsung received value in the form

of payments from Google in exchange for Samsung's preloading of Google Maps, it exerts upward

influence on Mullen's damages in the form of a reasonable royalty for Samsung's infringement.

Mullen seeks admission of the RSA ██████████████████████████ at trial.

***First***, the **<u>Google-Samsung RSA</u>** (SAMS384-0430107 - 145) was effective July 1, 2020

through June 30, 2024, which encompasses the full infringement period in this case. It provides

that "████████████████████████████████████████████████████."

Ex. 1 at SAMS384-0430123 § 13.1 (emphases added). And, critically, as a condition precedent to

receiving such payments, ***the RSA confirms that Samsung*** "***must have an effective MADA, . . .***

***and be a licensee in good standing under the MADA*** . . . ." Ex. 1 at SAMS384-0430121 §10.1

(emphases added). The RSA defines "Google Applications" as "the Google applications licensed

under the MADA" (SAMS384-0430111 § 1.33)—and it is undisputed that every MADA includes

Google Maps within the definition of Google Applications. Thus, ***the RSA and MADAs confirm***

***that in to receive payments from Google under the RSA, Samsung was required to preload***

***Google Maps on its accused mobile devices***.[3]

---

[2] Google's payment obligations to Samsung are clear from the RSA ████████, but Samsung produced nothing regarding the amounts of Google's payments made under ███████████. Provided that the Court will issue the curative instructions to the jury requested herein, Plaintiff does not seek an order compelling Samsung to produce the payment amounts.

[3] In Exhibits 1 and 2 hereto, Plaintiff attaches selected pages of the RSA ████████ in light of the Court's limit of five pages for attachments to discovery-related motions. Should the Court find that it will aid the Court's consideration, Plaintiff will file full copies of the RSA, █████ and MADAs produced by Samsung at the Court's request. Plaintiff's exhibit list already includes the Samsung-Google MADAs as PTX-23, PTX-24, and PTX-27-30, and like the RSA ████████, Mullen continues to maintain the MADAs should be pre-admitted into evidence for trial. Dkt. 217 at 6-9.



There is no genuine dispute that ████████████████████████ makes clear that Google will only make these revenue payments to Samsung if Samsung complies with a then-effective MADA, including each MADA's undisputed requirement that Samsung preload the infringing Google Maps technology onto Samsung's accused mobile devices in this case.

## III. Samsung's Discovery Failures Merit Sanctions Including (i) Adverse Jury Instructions, (ii) Preadmission of the RSA ████████ as Additional Exhibits, (iii) a Short Supplemental Damages Expert Report, and (iv) Payment of Mullen's Expenses For This Motion and the Prior Motions to Compel and For Leave

The Court has broad discretion under Federal Rule of Civil Procedure 37 to issue further orders and remedies suited to a party's failure to obey an order to provide discovery. *E.g.*, *Marquis v. Sadeghian*, No. 4:19-CV-626-RWS-KPJ, 2021 WL 4148755, at *6 (E.D. Tex. Sept. 13, 2021); Fed. R. Civ. P. 37(b). Rule 37(b) identifies an illustrative list of remedial orders, including "directing that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i).

Here, Samsung's failures to produce the RSA ████████ were clear violations of the Court's Discovery Order and Local Rules, as was Samsung's failure to fully and accurately respond to Plaintiff's Interrogatory No. 29. *E.g.*, *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-CV-

0422-JRG-RSP, 2024 WL 3647624, at *2 (E.D. Tex. Aug. 2, 2024) ("The Discovery Order does not depend upon a request from an adversary to create the duty to disclose relevant persons and documents described above."); *see* Dkt. 219 at 1-4. Indeed, like the moving party in *Headwater*, Mullen's inquiries regarding information related to Google and Samsung's financial relationship and payments made by Google to Samsung related to Google Maps, were met with repeated factually incorrect denials that no such payments or documents existed. *Headwater*, 2024 WL 3647624, at *3 ("Knowing that your adversary is repeatedly seeking documents (especially documents created by your client), . . . yet telling your adversary that what you've already given them is all that there are, is indefensible."); *see* Dkt. 219 at 1-4.

The Court's decision in *Atlas Global Technologies v. TP-Link Technologies*, granting sanctions establishing disputed sales figures, is instructive. No. 221CV00430JRGRSP, 2023 WL 4936210, at *2 (E.D. Tex. Aug. 2, 2023). Like Samsung, defendant withheld requested information for a year, including at Rule 30(b)(6) deposition, until a month before trial. *Id.* at *3. Also like here, the court expressed doubts about defendant's "inherently incredible" position at hearing before defendant eventually confirmed what the court and plaintiff suspected. *Id.* at *2-3. Ultimately the court established sales figures to remedy plaintiff's prejudice because, without the requested information, "the jury would not be able to fully evaluate" the relevant data. *Id.* at *3.

Samsung's refusals to produce the relevant payment information have prejudiced Mullen by depriving it of the opportunity to address the full scope of evidence of the value that Samsung places on the infringing Google Maps technology, including in the form of payments from Google in exchange for Samsung's preloading Google Maps on the accused products. Mullen's experts were previously unable to opine on the effect that these now confirmed payments have on the value of the Asserted Patents including in the hypothetical negotiation. In addition, if not permitted to

use the Google-Samsung ███████ and evidence of payments at trial, Mullen will be deprived

of the ability to attack the credibility of Samsung's witnesses who made repeated inaccurate

statements about the alleged absence of payments. *Chamberlain Group LLC v. Overhead Door

Corp.*, No. 2:21-cv-00084-JRG (E.D. Tex. Mar. 30, 2022), Dkt. 386 at 14 ("Defendants' failure to

disclose the [] products prevented [plaintiff] from attacking the credibility of Defendants'

witnesses, which effectively bolstered their testimony . . . .") (granting requested costs and fees,

ordering new trial, and vacating verdict against plaintiff).

Nor can Samsung blame Mullen for Samsung's discovery violations. *See* Opp. at 6. Mullen

expressly sought details regarding payments between Google and Samsung and the Discovery

Order required production of the same. Moreover, as the *Chamberlain* court held:

> ***[Plaintiff] cannot be (and is not) expected to innately know the intricacies of
> Defendants' documents and internal vernacular.*** [Plaintiff] did ask Defendants'
> 30(b)(6) witnesses ... about the existence of [requested material], and those witnesses
> failed to disclose relevant information. At the very least, Defendants' counsel should
> have identified documents and information ... in response to [plaintiff]'s various
> interrogatories .... ***Defendants' attempts to split hairs and rely on technicalities with
> deposition questions and interrogatories fails to acknowledge Defendants'
> responsibility to participate in a fair and fulsome discovery process. Defendants
> bore an affirmative duty during discovery to disclose relevant information-which
> duty they breached-to [plaintiff]'s direct detriment.***

*Chamberlain*, No. 2:21-cv-00084-JRG, Dkt. 386 at 12 (emphases added).

Mullen thus renews its request for the following adverse jury instructions:

1.      Google made payments to Samsung in part in exchange for Samsung's agreement
to preload Google Maps onto Samsung's smartphones and tablets, and Google's payments to
Samsung are referenced by the Google-Samsung Revenue Sharing Agreement (RSA) ███████


2.      Samsung improperly withheld the RSA ██████████ in this case and inaccurately
denied that Google made payments to Samsung related to Samsung's loading of Google Maps onto
the accused Samsung smartphones and tablets; and

3.      It can be inferred from Samsung's improper withholding of the RSA ██████████,
factually inaccurate deposition testimony, and factually inaccurate discovery response in this case

that the Google Maps technology alleged to infringe in this case was very valuable to Samsung during the period of infringement.

In addition, Mullen requests that it be permitted to:

(i)    add the RSA ███████ to its preadmitted exhibit list, with leave to examine any Samsung or Google fact witness at trial about ███████████ ; and

(ii)    submit a short, 3-page supplemental report of Plaintiff's damages expert, Justin Blok, opining in substance that the RSA ███████ qualitatively exert upward pressure on the reasonable royalty in this case.[4]

These sanctions are directly tied to Samsung's Discovery Order violation and the relevance of the withheld discovery. *E.g.*, *Headwater*, 2024 WL 3647624, at *3. Absent these sanctions, Samsung's failure to honor its discovery obligations will continue to prejudice Mullen by depriving it of relevant evidence demonstrating Samsung's and Google's recognition of the value of the Asserted Patents' technology.

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Mullen also requests the Court to award expenses, including attorneys' fees, incurred in connection with Mullen's preparation and filing of its initial motion to compel and motion for leave (Dkt. 218, 219), and the present renewed motion for sanctions, all of which were necessitated by Samsung's factually incorrect deposition testimony and interrogatory response, and failure to produce the relevant materials that the Court ultimately compelled Samsung to produce. Fed. R. Civ. P. 37(b)(2)(C); Dkt. 229.

## IV.    CONCLUSION

Mullen requests the Court to grant the foregoing sanctions, and any further relief the Court deems proper, in light of Samsung's discovery failures in this case.

---

[4] Mullen agrees not to quantitatively change the damages calculations or numbers, so there would be no need for Samsung to respond to the supplemental report. Further, Samsung should not be permitted a responsive expert report supplement because Samsung's discovery failures created the present situation.

███████████████████████████████████

Dated: November 25, 2025

Respectfully submitted,

*/s/ Peter F. Snell*
Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
State Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
815 South Broadway Avenue
Tyler, Texas 75701
Tel: 903-593-7000
Fax: 903-705-7369

Andrea Leigh Fair
State Bar No. 24078488
andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Ownes Parkway
Longview, Texas 75604
Tel: (903) 757-6400
Fax: (903) 757-2323

Peter F. Snell
pfsnell@mintz.com
Brad M. Scheller (*pro hac vice*)
bmscheller@mintz.com
Hannah M. Edge (*pro hac vice*)
hmedge@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
(212) 935-3000

Matthew S. Galica (*pro hac vice*)
msgalica@mintz.com
Dr. Suparna Datta (*pro hac vice*)
sdatta@mintz.com
Joseph Rutkowski (*pro hac vice*)
jdrutkowski@mintz.com
Robert C. Sweeney (*pro hac vice*)
rcsweeney@mintz.com
Amy LoBue (*pro hac vice*)
alobue@mintz.com

8

███████████████████████████████████

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

*Attorneys for Plaintiff*
*Mullen Industries LLC*

9

████████████████████████

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2025, I caused a true and correct copy of the foregoing to

be served on all counsel of record.

/s/ *Peter F. Snell*
Peter F. Snell

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document and supporting declaration and

exhibits thereto are being filed under seal pursuant to the Protective Order approved and entered

in this case.

/s/ *Peter F. Snell*
Peter F. Snell

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel have complied with the meet and confer requirements of Local

Rule CV-7(h). On November 24, 2025, counsel for Mullen, including Peter F. Snell (Lead

Counsel), Stafford Davis (Local Counsel), and Andrea Fair (Local Counsel), met and conferred

via Zoom teleconference with counsel for Samsung, including Darin Snyder (Lead Counsel),

Blake Thompson (Local Counsel), and Bill Trac, regarding the relief sought by this motion.

Counsel for Samsung has stated that Samsung opposes the relief sought in this motion because

Samsung believes the requested relief is improper and prejudicial to Samsung.

/s/ *Peter F. Snell*
Peter F. Snell

/s/ *Stafford Davis*
Stafford Davis