IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MULLEN INDUSTRIES LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | 2:24-cv-00049-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § | |

**DEFENDANTS' SURREPLY TO MULLEN'S
<u>RENEWED MOTION FOR SANCTIONS</u>**

██████████████████████████████████

# TABLE OF CONTENTS

                                                                                                                        **Page**

A.     Rule 37(b) Sanctions Are Categorically Unavailable .......................................................... 1

B.     The Absence of Bad Faith Precludes Rule 37(b) Sanctions ............................................... 2

C.     Mullen Fails to Show That Its Requested Sanctions Are Justified .................................... 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Badalamenti v. Dunham's, Inc.*,
    896 F.2d 1359 (Fed. Cir. 1990) ............................................................................................... 2

*Gatson v. Wilshire Com. Cap. LLC*,
    344 F.R.D. 372 (E.D. Tex. 2023) ............................................................................................ 3

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
    No. 2:22-CV-0422-JRG-RSP, 2024 WL 3647624 (E.D. Tex. Aug. 2, 2024) .......................... 1

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
    685 F.3d 486 (5th Cir. 2012) ................................................................................................... 3

**RULES**

Fed. R. Civ. P. 37(a) ................................................................................................................. 1, 2

Fed. R. Civ. P. 37(b) ................................................................................................................. 1, 2

Mullen's silence is telling.  In its Reply, Mullen never disputes that the RSA ▇▇▇▇ were identified in documents Samsung produced in discovery and highlighted in its interrogatory response.  Mullen never disputes that it failed to either request production of the RSA or question any witness about the RSA.  Mullen never asserts bad faith by Samsung.  And Mullen never explains why the extreme sanctions it seeks are justified.  Mullen *already* obtained the relief it could have sought during fact discovery: Samsung's production of 25 documents including the RSA ▇▇▇▇, after Mullen belatedly moved to compel under Rule 37(a).  Mullen's overreaching pursuit of sanctions under Rule 37(b) is neither procedurally proper nor equitable.

A.   **Rule 37(b) Sanctions Are Categorically Unavailable**

Rule 37(b) is not a vehicle for punishing a party for advancing a reasonable discovery position that the court later resolved through the ordinary Rule 37(a) process.  Mullen's theory would allow it to obtain Rule 37(b) sanctions based on Samsung opposing *any* motion to compel for lack of relevance—an interpretation that goes beyond any plausible reading of the Discovery Order.  Unsurprisingly, Mullen identifies no case granting sanctions on comparable facts.  The only case it cites involved *active concealment* of the *existence* of indisputably relevant source code that the moving party repeatedly sought.  *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-CV-0422-JRG-RSP, 2024 WL 3647624, at *2 (E.D. Tex. Aug. 2, 2024).[1]

Moreover, Mullen tacitly admits how irrelevant the RSA is to Google Maps.  Mullen complains that the public-redacted RSA would not have revealed the "connection" between the RSA and Google Maps.  Reply at 2.  But the public RSA has the *only* language Mullen cites as supporting the so-called connection between those agreements—§ 10.1, which provides that

---

[1] *Headwater* involved a motion for sanctions under Rule 37(e)(1), for failure to preserve ESI.  No. 2:22-CV-0422-JRG-RSP, Dkt. 174.  The Court ultimately granted relief under Rule 37(c)(1), failure to comply with initial disclosures, when the respondent revealed that the sought-after source code still existed.  2024 WL 3647624, at *3.  Mullen does not seek relief under either provision.

"Company must have an effective MADA … and be a licensee in good standing under the MADA … ." Mot. at 3 (citing Ex. 1, Dkt. 235-2 (RSA) § 10.1). If Mullen is unable to understand how the RSA is allegedly relevant to Google Maps location sharing based on that single provision, it is unsurprising that Samsung likewise did not identify the RSA as relevant. Moreover, Mullen incorrectly asserts that the RSA ▇▇▇ require that "Samsung complies with **the** MADA." Reply at 1. They do not. The ▇▇▇ refer only to "**an** effective MADA" and do not dictate the specific provisions that the MADA must contain. Thus, Samsung and its witnesses testified truthfully when stating that there are no payments from Google to Samsung for preinstalling Google Maps.

Finally, Samsung never had "notice of Mullen's damages theory" based on Mullen's Rog 29 (Reply at 1), because that interrogatory referred to a third-party article from "The Hill" about alleged $8 billion in app store revenue sharing for preinstalling yet another, completely different, irrelevant app, **Google Play**. Dkt. 198-3. Mullen did not even provide notice of such a theory in its ***expert report***, which is silent as to any revenue sharing or business relationship between Google and Samsung. When Mullen belatedly asserted that the RSA agreements for Google Search were relevant, it obtained its corresponding relief by moving to compel under Rule 37(a), which the Court granted. Under these facts, no relief under Rule 37(b) is available. *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1360, 1364 (Fed. Cir. 1990) (reversing award of sanctions despite the respondent withholding prior art relied on by the district court for obviousness, where respondent "complied with the discovery rules" and "did not clearly misrepresent the existence of the documents withheld").

**B.    The Absence of Bad Faith Precludes Rule 37(b) Sanctions**

Far from concealing the existence of the RSA ▇▇▇, Samsung produced documents and an interrogatory response highlighting ▇▇▇ Mullen implicitly admits

2

that Samsung acted in good faith by instead asserting that bad faith is unnecessary except for the "severest remedies" of Rule 37(b). Reply at 3. Putting aside whether Mullen's requests, including a factually inaccurate jury instruction, are severe or not, Mullen's cases fail to support ***any*** sanctions for Samsung's conduct. *Gatson v. Wilshire Commercial Capital LLC* is a decision ***denying*** sanctions where the movant failed to meet and confer on the disputed discovery, and respondent "appears responsive to Plaintiff's requests and avers it has complied with its initial disclosure requirement under Rule 26." 344 F.R.D. 372, 379 (E.D. Tex. 2023). Samsung similarly acted in good-faith compliance with the Discovery Order and was responsive to the discovery that Mullen actually pursued. Mullen's other cited case involves violations of a ***protective order***, where the respondent "allowed dissemination of the protected information to personal injury lawyers who sue [movant]" and "had previously violated a similar protective order." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Samsung did not engage in any similarly reckless or grossly negligent conduct that could possibly support Rule 37(b) sanctions, and Mullen does not argue otherwise.

C.     **Mullen Fails to Show That Its Requested Sanctions Are Justified**

Finally, Mullen wholly fails to explain how the specific sanctions it seeks would "hold the scales of justice even," rather than unfairly skewing the case against Samsung. Mullen does not rebut Samsung's showing that the instructions it requests from the Court are factually inaccurate. Mullen also fails to offer any explanation as to how ▓▓▓▓▓▓▓▓▓▓ for Google Search, ▓▓▓▓▓▓▓▓▓▓ would be more probative than prejudicial, such that Mullen should be permitted to either question Samsung and Google witnesses about the ▓▓▓▓ or inject them into a damages report. By Mullen's own admission, these ▓▓▓▓ will have no quantitative impact on the expert's damages analysis. The door should be kept shut on these prejudicial and irrelevant ▓▓▓▓.

3

Dated: December 22, 2025                          Respectfully submitted,

          */s/ G. Blake Thompson*
**G. Blake Thompson**
State Bar No. 24042033
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 657-8540

Darin W. Snyder
dsnyder@omm.com
Luann L. Simmons
lsimmons@omm.com
Mark Liang *(pro hac vice)*
mliang@omm.com
Bill Trac
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Paige Hardy *(pro hac vice)*
phardy@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

Marc J. Pensabene *(pro hac vice)*
mpensabene@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th Fl.
New York, NY 10019
Telephone: (212) 326-2000

4

Timothy S. Durst (Tex. #786924)
tdurst@omm.com
Cason G. Cole (Tex. #24109741)
ccole@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on December 22, 2025, and Defendants served a true and correct copy of the foregoing document on Plaintiff's counsel of record by electronic mail.

          */s/ G. Blake Thompson*
          **G. Blake Thompson**