# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| MULLEN INDUSTRIES LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD.,<br>*and* SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>*Defendants*. | § § § § § § § § § § | CASE NO. 2:24-CV-00049-JRG-RSP |

## <u>MEMORANDUM ORDER</u>

Before the Court is Plaintiff's Renewed Motion for Sanctions. **Dkt. No. 235**. The Motion is ripe, Dkt. Nos. 245, 251, and the Court held a hearing on March 6, 2026. The Court finds that the RSA and the MSIA are relevant documents that should have been produced under the Discovery Order (Dkt. No. 29 at 2-3)[1]. Furthermore, both documents were repeatedly requested by Plaintiff (e.g., Interrogatory No. 29). Finally, this Court has already held, in a recent action against Samsung, that the Court found the Google RSA to be relevant to determination of a reasonable royalty in a case involving Google Maps.

The Court accepts Samsung's counsel's representation during the hearing that he and his firm were unaware of the connection between the requirement to install Google Maps under the MADA, and participation in revenue sharing under the RSA in place during the relevant infringement period. However, the Court finds that Samsung was certainly aware and knowingly withheld production of the agreement.

---

[1] See also, Local Rule CV-26(d)("Relevant to Any Party's Claim or Defense").

Having carefully considered the Parties' arguments, given these explicit findings, and for the reasons articulated during the hearing, the motion for sanctions is **GRANTED** to the extent below ordered, and **DENIED** otherwise.

Accordingly, the Court finds appropriate the following sanctions and they are hereby **ORDERED**:

1. Samsung must pay Plaintiff's expenses, including reasonable attorneys' fees, incurred in connection with Mullen's preparation, filing, and hearing of its initial motion to compel and motion for leave (Dkt. Nos. 218, 219), and the present renewed motion for sanctions (Dkt. No. 235), all of which were necessitated by Samsung's failure to produce the relevant documents and continued denial of their existence. The parties are directed to meet and confer concerning these expenses. If no agreement is reached, Plaintiff is directed to file a motion to fix fees within 30 days.

2. Plaintiff has leave to amend its exhibit list to include the appropriate versions of the MADA, RSA, and MSIA, and those exhibits are pre-admitted. The Court specifically finds the MSIA puts into perspective the degree of upward pressure that is appropriate, in view of the RSA and MADA, and would have been reflected during the hypothetical negotiation.

3. Plaintiff has leave to serve the proposed supplement to the report of its damages expert, Justin R. Blok, addressing Samsung's obligation to preload Google Maps as a prerequisite to sharing revenue of Google that would have placed upward pressure on the reasonable royalty at the hypothetical negotiation for the Asserted Patents pursuant to *Georgia-Pacific* Factors 6 and 15.

4.  Samsung does not have leave to depose Mr. Blok on his supplement to his report, nor to supplement the report of their own damages expert to rebut Mr. Blok's newly disclosed opinions. If the RSA and MSIA had been properly produced during discovery, Samsung would undoubtedly have been able to offer rebuttal to Mr. Blok's opinions, but Samsung chose to withhold these agreements in bad faith, thus prejudicing Plaintiff's ability to timely prepare its damages case.

5.  In lieu of the additional jury instructions sought by Plaintiff, which the Court does not find appropriate at this time, Plaintiff has leave to include in the supplement of Mr. Blok's report an opinion that Google made "substantial" payments to Samsung in exchange for Samsung's agreement to preload a suite of Google applications, including Google Maps, onto Samsung's smartphones and tablets under the MADA, and Google's "substantial" payments to Samsung are referenced by the RSA, and the MSIA.

6.  If Samsung attempts to minimize the amount of the payments made under the MSIA and RSA or their substantial connection to the preinstallation of Google Maps, Plaintiff may seek leave to offer evidence of the amount of those payments.

    **SIGNED this 6th day of March, 2026.**


                                          _____
                                          ROY S. PAYNE
                                          UNITED STATES MAGISTRATE JUDGE